| 24 | 97 |
| 85 | 429 |
| 24 | 97 |
| 97 | 723 |
| 24 | 97 |
| 104 | 272 |
| 24 | 97 |
| 113 | 1019 |

JAMES A. BROWN and wife, plaintiffs in error, vs. THE SAVANNAH MUTUAL INSURANCE COMPANY, defendant in error.

[1.] A valid legal objection to the payment of a loss on a policy of Insurance, is not a waiver of all other objections, if the plaintiff go into equity to avoid the effect of that objection at law.

[2.] A shorter period than the statuable period for the institution of suits, by agreement of the parties in their contract, violates no principle of public policy, provided the period fixed be not so unreasonable as to raise a presumption of imposition or undue advantage in some way.

In equity, from Chatham Superior Court. Decision on demurrer by Judge FLEMING, at May Term, 1857.

This case was heard before Judge FLEMING, on the following statement of facts:

Ann Brown. before her coverture, and as a single woman, by the name of Ann Lavan, effected an insurance in the Sa-

7   VOL. XXIV.

vannah Mutual Insurance Company, for six hundred dollars, on a stock of groceries, located in Robertsville, which is a part of the city of Savannah.

In her written application for the insurance to the said company, she described the store, in which said stock of groceries was, as "Lot No. 14, Walton Ward, (Robertsville) fronting on Stewart street." After her loss by fire, she discovered that the true description of the lot, upon which the store was situated, was "Lot number fourteen (14,) part of Garden Lot number eleven (11,) West, Walton Ward, in the city of Savannah," and that there was no store or house of any kind upon the lot designated in the policy. She applied to the Insurance Company for payment of her loss, but she was told that the policy was null and void, and that they would not pay the loss, because they were misled by a misdescription of the premises wherein the said stock of groceries were located.

The complainants filed a bill against the Savannah Mutual Insurance Company, stating the policy of insurance, the payment of the premium demanded by said company, to wit: eighteen dollars, and that they had given such a full, complete and satisfactory description of the location of the store in which said stock of groceries was, as to leave the said insurance company in no doubt as to the position of the store, or the nature of the risk which they were taking; and furthermore, that it was the custom of insurance companies, where they were at all in doubt, to examine the premises insured, for themselves.

The bill charges a *bona fide* loss by fire, on the 19th of August, 1854, to the amount of six hundred dollars, and that complainants applied verbally for the payment of such loss, or so much thereof as should appear to have been suffered, and that defendant refused to pay either the whole or part, because the policy was null and void by reason of a misdescription of the premises

To this bill the defendant filed a general demurrer, for want of equity, and the points taken were that the bill could not hold:

1st. Because complainants had a complete and adequate remedy at law.

2d. Because of the eighth condition, attached to the policy of insurance, which reads as follows:

"VIII. All persons insured by this company, and sustaining loss or damage by fire, are forthwith to give *notice* thereof to the company, and as soon after as possible to deliver in a particular account of such loss or damage, signed with their own hands, and verified by their oath or affirmation, and also, if required, by their books of account, and other proper vouchers. They shall also declare on oath whether any or what other insurance has been made on the same property, and procure a certificate under the hands of three freeholders, a magistrate, notary public or clergyman (most contiguous to the place of the fire, and not concerned in the loss) that they are acquainted with the character and circumstances of the person or persons insured; and that having investigated the circumstances in relation to such loss, do know and verily believe that he, she or they really and by misfortune, without fraud or evil practice, hath or have sustained, by such fire, loss or damage to the amount therein mentioned, and until such proofs, declarations and certificates are produced, the loss shall not be payable. Also, if there should appear any fraud or false swearing, the claimant should perfect all claim by virtue of this policy."

This, it was contended by the defendant, barred all complainants' claim, because they had not complied with the 8th condition of the policy, in furnishing the preliminary proof.

3d. That the 13th condition of the policy barred the claim of complainants, which reads as follows:

"XIII. It is furthermore hereby expressly provided, that no suit or action of any kind, against said Company, for the recovery of any claim upon, under or by virtue of this policy

shall be sustainable in any Court of Law or Chancery, unless such suit or action shall be commenced within the term of six months next after the cause of action shall accrue; and in case any such action shall be commenced against said Company, after the expiration of six months next after the cause of action shall have accrued, the lapse of time shall be taken and deemed as conclusive evidence against the validity of the claim, thereby so attempted to be enforced."

After argument, Judge FLEMING sustained the demurrer: and complainants by their counsel excepted, and tender their bill of exceptions, and say that the Court erred :

1st. Because the verbal application of complainants for the payment of loss was such a notification as contemplated by the 8th condition of the policy, and the refusal of defendant to pay said loss, on the ground that the policy was null and void by reason of the misdescription of the premises was a waiver of the preliminary proof.

2d. Because the 13th condition of said policy is contrary to law and public policy.

S. P. HAMILTON, for plaintiffs in error.

WARD, OWENS and JONES, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

[1.] The first assignment of error in the decision of the presiding Judge in the Court below, presented in this record, cannot be supported. The objection made by the defendant to the payment of the loss, was, *prima facie* a good one, and insuperable in a Court of Law, as is manifest by the complainant's resort to a Court of Chancery for relief. It cannot be that *a valid legal objection* to the payment is a waiver of all other objections; or that the plaintiffs should be entitled to recover, without the proof required by the stipulations in their policy, if they could remove the objection

made, by application to a Court of Chancery. The object of the bill is, in effect, to reform the policy, as to the description of the property, and to obtain a decree for the amount of the loss. The alleged mistake in the description of the property, and that alone gives a Court of Equity jurisdiction of the cause, and having jurisdiction, it will make a full decree so as to settle finally the rights of the parties. But the complainants must go on and make out their case quite as fully as if they were suing at law, and the objection which sent them into equity cannot be invoked as an admission by the defendant of a liability to pay whatever was demanded, or as a waiver of any of its rights.

[2.] The next assignment of error is upon the decision of the Court on the 13th condition of the policy of insurance. The Court held that said condition was not contrary to law and public policy. The rule is that a condition in a contract which is either *mala prohibita* or *mala per se* is void, and cannot be enforced. If it do not contravene public policy it is good. No principle of public policy is violated by a condition in a policy of insurance, that the injured party shall sue within six months from the time of the loss or lose his remedy. There is no reason why a party may not enter into a covenant, that for an alleged breach of contract, the injured party shall sue within a period less than that fixed by the statute of limitations as a bar. The statute was intended for the benefit of defendants and is founded upon the presumption of payment, or the loss of evidence which might impeach the plaintiff's right. The parties may fix upon a shorter period, and the stipulation violates no principle of public policy, provided the period fixed be not so unreasonable as to show imposition or undue advantage in some way. The case of *Goldstein vs. Osborne*, 2. *Car. & Payne* 550, was assumpsit on a policy of insurance. It contained a condition, that if any difference should arise on a claim it should be submitted to arbitration. This claim had not been submitted to arbitration, and it was in-

sisted that the plaintiff could not recover on that account. The plaintiff contended that the construction of the contract was that the case was to be referred when the difference between the parties was as to the amount claimed, and not when the plaintiff's right was denied altogether. The Chief Justice who tried the cause declared that he would be warranted in awarding a nonsuit, but that it would be better for the interest of the public, to allow the case to go on.

Judgment affirmed.