## Case No. 4,796.

### In re FIREMEN'S INS. CO.

[3 Biss. 462; 8 N. B. R. 123; 5 Chi. Leg. News, 265; 6 Am. Law T. Rep. 111; 7 Am. Law Rev. 567.] [1]

District Court, N. D. Illinois. Feb. 1873.

---

[1] [Reprinted by permission.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 7 Am. Law Rev. 567, contains only a partial report.]

Tenneys, Flower & Abercrombie and Geo. W. Smith, for creditors.

Hoyne, Horton & Hoyne, for assignee.

BLODGETT, District Judge: Several questions of importance in the settlement of the affairs of this company, as well as other bankrupt insurance companies now in this court, have been certified up from the register for the opinion and direction of the court. The policies issued by the Firemen's Insurance Company contain the following clauses:

"Ninth—Persons sustaining loss or damage by fire shall forthwith give notice of said loss to the company, and as soon thereafter as possible render a particular account of such loss, signed and sworn to by them, stating whether any and what other insurance has been made on the same property— giving copies of the written portion of all policies thereon; also the actual cash value of the property and their interests therein; for what purpose and by whom the building insured, or containing the property insured, and the several parts thereof, were used at the same time of the loss; when and how the fire originated; and shall also produce a certificate, under the hand and seal of a magistrate or notary public nearest to the place of the fire, not concerned in the loss as a creditor or otherwise, nor related to the assured, stating that he has examined the circumstances attending the loss; knows the character and circumstances of the assured, and verily believes that the assured has without fraud sustained loss on the property insured to the amount which such magistrate or notary public shall certify. The assured shall, if required, submit to an examination or examinations under oath by any person appointed by the company, and subscribe to such examinations when reduced to writing, and shall also produce their books of account and other vouchers, and exhibit the same for examination at the office of the company, and permit extracts and copies thereof to be made. The assured shall also produce certified copies of all bills and invoices, the invoices of which have been lost, and shall exhibit all that remains of the property which was covered by this policy, damaged or not damaged, for examination, to any person or persons named by the company."

"Twelfth—It is furthermore hereby expressly provided and mutually agreed, that no suit or action against this company, for the recovery of any claim by virtue of this policy, shall be sustainable in any court of law or chancery unless such suit or action shall be commenced within twelve months next after the loss shall occur, and, should any suit or action be commenced against this company after the expiration of the aforesaid twelve months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claims, any statute of limitation to the contrary notwithstanding."

These clauses, with some slight modifications of phraseology, have been inserted for many years past in nearly all policies issued by fire insurance companies, and their binding effect as essential parts of the contract has been frequently sustained by the courts.

The ninth clause imposes a condition precedent to be performed by the assured before any right of action accrues under the policy. It is true the company may waive the performance of this condition, and many cases are found in the books where the courts have decided what acts amounted to a waiver in those cases, but the principle is well established that, unless waived by the company, the notice and proofs of loss must be furnished by the assured, as a prerequisite to his right of action on the policy. Mason v. Harvey, 8 Welsb., H. & G. 819; Wellcome v. People's Ins. Co., 2 Gray, 480; Spring Garden Mut. Ins. Co. v. Evans, 9 Md. 1; Boyle v. N. C. Mut. Ins. Co., 7 Jones (N. C.) 373; Smith v. Haverill Ins. Co., 1 Allen, 297; Desilver v. State Mut. Ins. Co., 38 Pa. St. 130; 2 Greenl. Ev. § 406, and notes. The questions now submitted to the court are as follows:

1. Ought the assignee to allow and pay a claim for a loss arising under a policy where no proof of loss, as required by the ninth clause, has been submitted to the company

or assignee, nor any proof of debt made in the proceedings in bankruptcy, nor suit commenced, within twelve months after the loss occurred?

2. Ought the assignee to allow and pay a claim for a loss arising under a policy where the assured has furnished either to the company before adjudication, or to the assignee afterwards, the proofs of loss required by the ninth clause of the policy, but has not proved his claim in bankruptcy nor commenced suit within twelve months?

3. Ought the assignee to pay such claim where no proofs of loss have been furnished either to the company or assignee, but the assured has proved a claim in bankruptcy in the ordinary form prescribed by the rules within twelve months after the loss occurred?

There can be no doubt that the terms and conditions of the policy remain binding upon the assured to the same extent whether the company is adjudicated bankrupt or remains solvent; in other words, the policy holder must recover, if at all, by the terms of his contract.

The ninth clause was undoubtedly adopted by the insurance companies for the purpose of compelling the assured to furnish the company with all the facts and details in regard to the nature and extent of the loss sustained, and a full disclosure of all the circumstances affecting the right to indemnity; and the assignee in bankruptcy, who must be supposed to be an entire stranger to the transaction up to the time of his appointment, must certainly need the information called for by this clause much more than the company, who, through its agents and officers, placed the risk. They may be presumed to know something about the nature of the risk and probable loss under it, but no such knowledge can be presumed against the assignee. It is the duty of the assured to furnish such proof as the terms of his policy require, and bring himself within the terms of his contract. As I said before, the company, by its officers, can waive this proof, but I am very clear that an assignee can make no such waiver. His duty requires him to allow and pay no claim for losses unless the assured first furnishes all the proofs and submits, on request, to the examination provided for. As an officer of the court, he can allow no claim or debt upon his own information or knowledge, and can waive the performance of no condition which the assured is bound to perform in order to vitalize his demand. Even where proofs have been furnished, and losses adjusted before adjudication, especially if such adjustment was made after the intervention of actual insolvency, as is the case in most of the companies before this court, it would undoubtedly be the right and duty of the assignee to examine and revise such proofs and adjustments, and call for further proof if the claim was not clearly made out, or there was any evidence of the lack of entire good faith in the adjustment.

The twelfth clause, commonly spoken of as the "year clause," has been so frequently held valid by the courts as a limitation of the right of action by contract as hardly to require authorities. Fullam v. New York Union Ins. Co., 7 Gray, 61; Brown v. Roger Williams Ins. Co., 5 R. I. 394; Brown v. Hartford Fire Ins. Co., Id.; Brown v. Savannah Mut. Ins. Co., 24 Ga. 97; Northwestern Ins. Co. v. Phoenix Oil & Candle Co., 31 Pa. St. 448. As no suit can be maintained against the bankrupt after adjudication, except such as may be prosecuted by leave of the bankrupt court, proof of debt in bankruptcy must be deemed equivalent to the commencement of a suit, within the spirit and meaning of the twelfth clause, and if the company is in bankruptcy, a failure to make such proof, or bring a suit, within twelve months from the time loss accrued, bars the claim as effectually as would failure to sue if the company were not in bankruptcy.

I do not intend now to determine the effect of bringing suit against the company after adjudication as a saving act against the limitation of the twelfth clause, as such cases are probably not numerous, and may rest on facts peculiar to themselves.

From what I have already said, it is clear that a negative answer must be given to the first question. As to the second proposition, where proofs of loss have been furnished either before adjudication to the company, or afterward to the assignee, but no proof of the claim made in bankruptcy, it seems to me that if the assured has furnished his proof of loss, and his loss has been adjusted, the amount determined and agreed upon before the petition in bankruptcy is filed, and while the company is acting through its officers, a suit may afterwards be maintained upon such adjustment for a balance struck on settlement. The parties have agreed upon the amount due under the policy while they were both competent to make such agreement, and a suit may be maintained on such agreement at any time within the statutory limitation. And I am of opinion that if the loss had been duly and regularly adjusted in good faith, before the company was adjudicated a bankrupt, the claim can be proven like any other debt, without regard to the year clause of the policy. But if the proofs of debt were not submitted or acted upon until after the petition was filed in bankruptcy, I think that, while the assignee may examine and pass upon such proofs for certain purposes, he cannot make an adjustment or agreement to pay, upon which an action could be maintained, and the assured, in order to preserve his claim, must not only present his proofs under the ninth clause, but must also make his proof in bankruptcy, as the substitute or equivalent for the commence-

ment of a suit within twelve months under the twelfth clause. The principle on which I hold that an adjustment of the loss by the company is a waiver of the year clause, is, that the law will imply a promise by the company to pay the sum at which the loss is adjusted as a new contract arising out of the old one; but this principle does not apply to the assignee, as he has no right to make an express promise of that kind, and the law will not imply one against him from what he may do. I therefore think that when the assured has furnished his proofs of loss to the assignee, but has failed to follow them up by proofs of his claim in bankruptcy, within twelve months from the time of loss, his claim is barred by the year clause.

As to the third proposition, where no proofs of loss have been furnished to the company or assignee, but the assured has proved up his loss as a debt against the estate in bankruptcy, under the rule of the bankrupt court. This case is similar in principle to the bringing of a suit against the company for loss on a policy without compliance with the ninth clause.

As I have said before, a company while in control of its affairs may waive the proofs required by the ninth clause, and cannot afterwards insist upon such proof as a condition precedent to bringing a suit; and in cases where there is clear evidence of a waiver of the preliminary proof shown in the proof of debt, I think the debt should be allowed, subject to the right of the assignee to have inquiry made into all the facts touching such alleged waiver; or, to illustrate my meaning, if suit is brought on a policy, the plaintiff must aver and prove that he has given notice and proof of loss as required by the ninth clause, or aver and prove a waiver of such notice and proofs. When he substitutes proof of a claim in bankruptcy for such suit, he must show either compliance with the ninth clause or a waiver of it; and if the waiver is aptly alleged, and stands the ordeal of investigation as to whether it was regularly made in good faith, the assignee should pay the policy. But if there is no evidence of waiver by the company while it had the right to make such waiver, it appears very clear to me that the assignee has no right to pay the claim unless the assured shows that he has complied with the prerequisites of the ninth clause, and the allegations of the assured in that regard may be inquired into by the assignee, and if it appears that the proofs of loss have not been duly furnished, or waived, he should not pay the claim.

The proper practice in cases where the assignee wishes to contest any claim of the nature referred to under either of the foregoing propositions, is to ask that the claim be expunged under the thirty-fourth rule of the general orders in bankruptcy, and proceed as in that rule directed.