## 55909. BECK v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

BELL, Chief Judge.

Plaintiff administrator appeals from the grant of summary judgment to the defendant insurer. These facts are not contested. The defendant issued a fire policy covering the dwelling of plaintiff's decedent. The dwelling was destroyed by fire on October 11, 1975, and the insured died in the blaze. Plaintiff was granted letters of administration on January 13, 1976. The fire policy contained a provision that no suit on the policy was sustainable unless commenced within 12 months after

the loss. This suit was commenced on October 20, 1976.
*Held:*

Plaintiff contends that as the estate was unrepresented for two months after the loss occurred, a genuine issue of material fact for jury resolution was created as to whether this was a sufficient excuse for noncompliance with the contract provision. Filing suit within a specified period of time is a condition precedent to recovery on an insurance policy. *Townley v. Patterson,* 139 Ga. App. 249 (228 SE2d 164). Plaintiff's assertion that strict compliance with the terms of the insurance policy was impossible is incorrect. Plaintiff was granted letters of administration approximately three months after the loss occurred; therefore, approximately nine months remained in which he could have timely filed this suit. The case of *Buffalo Ins. Co. v. Steinberg,* 105 Ga. App. 366 (124 SE2d 681), is inapposite as it concerned a conservator appointed *after* the twelve months policy limitation had expired, subsequent to a diligent search for a missing insured. Since in this case there was ample time after the plaintiff was appointed to file this action and still be within the limitation period, his voluntary failure to do so precludes recovery. *Livaditis v. American Cas. Co.,* 117 Ga. App. 297 (160 SE2d 449). As the plaintiff did not meet the condition precedent to his suit, the summary judgment in favor of the defendant was proper.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED MAY 22, 1978 — DECIDED JULY 3, 1978 — REHEARING DENIED JULY 28, 1978.

*Ken Stula,* for appellant.
*Erwin, Epting, Gibson & McLeod, Gary B. Blasingame,* for appellee.