### 66529. TURNER v. NATIONAL UNION FIRE INSurance COMPANY.

DEEN, Presiding Judge.

Jack Turner, d/b/a Turner Timber Company, appeals from the grant of summary judgment in favor of appellee on a suit involving a claim for fire damage under an insurance policy. On September 26, 1981, a Clark skidder was damaged by fire and the insurance company paid $8,038.65 towards the repair bill. When the equipment was returned to appellants in January 1982, it was discovered that the engine would not start. A claim was made and a demand for payment was made on May 10, 1982. The company declined to pay the bill on May 28, 1982. Appellants filed suit on October 8, 1982. The insurance company answered the complaint and moved for summary judgment, asserting the twelve-month limitation of actions clause contained in the policy. *Held:*

The insurance policy provides: "No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve

(12) months next after discovery by the insured of the occurrence which gives rise to the claim. . ."

In *Beck v. Ga. Farm Bureau Mut. Ins. Co.,* 146 Ga. App. 878 (247 SE2d 548) (1978), a fire insurance policy contained a similar twelve-month limitation period, and the court held that filing suit within the specified time was a condition precedent to recovery on the policy, and that the two-month delay in appointing an administrator to represent the estate did not toll the limitation period as there was ample time after the administrator's appointment to file an action within the limitation period. See also *Johnson v. Ga. Farm Bureau Mut. Ins. Co.,* 141 Ga. App. 859 (234 SE2d 693) (1977).

In the instant case, appellant admits he received his equipment from the repair shop in January of 1982, some five months after the fire, and discovered the engine to be inoperable. We do not accept his interpretation of the policy provision to mean one year from the date he discovered the damage. The policy plainly provides for "discovery by the insured of the occurrence which gives rise to this claim" and obviously means the date of the fire in this case.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 7, 1983.

*Kenneth R. Fielder,* for appellant.
*John C. Edwards, Cubbedge Snow III,* for appellee.