190 Ga. App. 89 (1989)
378 S.E.2d 169
RABEY ELECTRIC COMPANY, INC.
v.
HOUSING AUTHORITY OF SAVANNAH.
77698.
Court of Appeals of Georgia.
Decided January 30, 1989.
John G. Hunter, for appellant.
Malberry Smith, Jr., for appellee.
SOGNIER, Judge.
Rabey Electric Company, Inc., brought suit against the Housing Authority of Savannah to recover the difference between the price set for work performed by Rabey pursuant to a contract between the parties for the electrical modernization of certain public housing projects and the payment actually made to Rabey by the Housing Authority, which penalized Rabey for failing to complete the work on time and for using materials which did not conform to contract specifications. Ruling on the Housing Authority's motion for directed verdict was reserved by the trial court, and after the jury returned a verdict in favor of Rabey, the trial court granted the Housing Authority's motion, setting aside the jury's verdict. Rabey appeals.
The record reveals that the contract contained a provision which *90 required, inter alia, that appellee's contracting officer be notified in writing of all disputes within ten days of their commencement, and that if the contractor has properly given that notice and properly excepted any decision of the contracting officer with which it disagrees from the final release, it must bring suit "within 120 days after receipt of final payment under this contract or within six months of a written request by the [Housing Authority] that he submit a final voucher and release, whichever time is the lesser." The contract also provided that "the [c]ontractor hereby agrees that his noncompliance with the conditions precedent constitutes a waiver of his right to assert [his] claim."
Appellant does not claim to have complied with the conditions precedent, but in several enumerations of error contends that the trial court erred by granting appellee's motion for a directed verdict either because appellee waived its right to insist on the conditions precedent, or because the contract limitations are void.
1. The record does not support appellant's contention that appellee waived its right to insist on the conditions precedent by not including this defense in the consolidated pretrial order. In fact, the pretrial order states clearly that one issue for determination by the jury is "[w]hether [appellant] waived its right to bring this action by failing to comply with the conditions precedent specified in the contract." Accordingly, there is no merit in this enumeration.
2. Appellant contends the contractual conditions are unreasonable and therefore void. We do not agree. While the statute of limitation for actions on simple contracts in writing is six years, OCGA § 9-3-24, "[t]he Georgia courts have permitted parties to contract as to a lesser time limit within which an action may be brought so long as `"the period fixed be not so unreasonable as to raise a presumption of imposition or undue advantage in some way." [Cit.]' [Cit.] If not reasonable . . . , then it is not permitted regardless of the parties' freedom to contract. [Cit.]" General Elec. &c. Corp. v. Home Indem. Co., 168 Ga. App. 344, 348 (309 SE2d 152) (1983). Appellant concedes in its brief that Georgia courts have many times upheld much shorter contractual limitation periods. See, e.g., Turner v. Nat. Union Fire Ins. Co., 167 Ga. App. 762 (307 SE2d 290) (1983); Beck v. Ga. Farm &c. Ins. Co., 146 Ga. App. 878 (247 SE2d 548) (1978); Livaditis v. American Cas. Co., 117 Ga. App. 297 (2) (160 SE2d 449) (1968).
Appellant argues that the intermediate time limitations in the contract, such as the requirement of notice to the contracting officer, result in an effective ten-day statute of limitation, which is patently unreasonable. However, appellant expressly directed that no transcript of the trial proceedings be included in the record, and the order of the trial court granting appellee's motion for a directed verdict recites that it is based on appellant's failure to file this action within *91 the time prescribed by the contract. Consequently, "[w]e find no evidence in the record that the trial court was asked to consider [the issue of the reasonableness of those prior limitations], and so there is nothing for us to consider. `Grounds which may be considered on appeal are limited to those which were urged before the trial court. [Cits.]' [Cit.]" Chafin v. Wesley Homes, 186 Ga. App. 403, 405 (367 SE2d 236) (1988). the only relevant question of reasonableness presented is that of the contract language which provides that the action itself must be brought either 120 days after final payment, or 6 months after a request to submit a final voucher and release. Bearing in mind the fact that appellant complied with neither alternative limitation on the time for filing suit, and that a contractual limitation period of 6 months was upheld by the Georgia Supreme Court in Brown v. Savannah Mut. Ins. Co., 24 Ga. 97, 101 (2) (1858), we do not find the contractual limitation is "so unreasonable as to raise a presumption of imposition or undue advantage." General Elec. &c. Corp., supra at 348. Accordingly, the trial court did not err by granting appellee's motion for a directed verdict on that basis. See generally Dependable Equip. &c. Co. v. Nursecare of Atlanta, 184 Ga. App. 136, 137 (1) (361 SE2d 23) (1987).
3. Although appellant also asserts the contractual limitation is void because it is against public policy, the Supreme Court declared in Brown, supra, that "[n]o principle of public policy is violated by a condition in a policy of insurance, that the injured party shall sue within six months from the time of the loss or lose his remedy," id., and we see no reason why such a limitation should be void as against public policy in this case.
Judgment affirmed. Carley, C. J., and Deen, P. J., concur.