A06A1120. SATTERFIELD et al. v. SOUTHERN REGIONAL HEALTH SYSTEM, INC.
(634 SE2d 530)

BLACKBURN, Presiding Judge.

Following the dismissal of their suit against Southern Regional Health System, Inc. ("SRHS"), Janie Satterfield, James Ronnie Nelson and Francis Nelson appeal, contending that the trial court erred in dismissing their claims for (1) breach of contract, (2) violation of the Georgia Uniform Deceptive Trade Practices Act, (3) unjust enrichment, (4) breach of fiduciary duty, and (5) declaratory and

injunctive relief.[1] As appellants concede in their brief, this case is substantially similar to others pending with this Court and three recently decided by this Court, *Cox v. Athens Regional Med. Center*,[2] *Pitts v. Phoebe Putney Mem. Hosp.*,[3] and *Morrell v. Wellstar Health System*.[4] As in those cases, appellants' claims here arise from their allegation that SRHS, which operates a nonprofit hospital, charges uninsured patients more than it charges patients covered by insurance or Medicare or Medicaid. For the reasons that follow, we affirm.

1. Appellants' breach of contract claim stems from an admission form they signed upon seeking medical treatment at SRHS. The form states, in relevant part:

> For and in consideration of the goods and services rendered and to be rendered by or through the Hospital and treating physicians, the undersigned hereby guarantees payment of all fees and charges incurred by and for the patient from the date of this/these Hospital encounter(s). Final billing will be rendered upon confirmed determination of all charges incurred, less payments/adjustments, if any, actually received. The undersigned agrees to make such payment in full immediately upon receipt of such billing.

As we explained in *Cox*,

> Under OCGA § 31-7-11 (a), hospitals must make available to the public, upon request, certain pricing information, such as the charge for patient care or admission kits, emergency room charges, charges for specific routine and special tests such as chest x-rays and head CAT scans, the average total charges per patient day, the daily room rate of a hospital room, and operating and recovery room charges. The pricing information "shall be composed in a simple clear fashion so as to enable consumers to compare hospital charges and make cost-effective decisions in the purchase of hospital services." Id.

*Cox*, supra, 279 Ga. App. at 588 (1) (a).

---

[1] Appellants brought other claims that were also dismissed by the trial court: implied right of action, fraud/constructive fraud, negligent misrepresentation, negligence, and negligence per se. The dismissal of those claims was not appealed.

[2] *Cox v. Athens Regional Med. Center*, 279 Ga. App. 586 (631 SE2d 792) (2006).

[3] *Pitts v. Phoebe Putney Mem. Hosp.*, 279 Ga. App. 637 (631 SE2d 830) (2006).

[4] *Morrell v. Wellstar Health System*, 280 Ga. App. 1 (633 SE2d 68) (2006).

Here, appellants do not allege that the pricing information was unavailable. Moreover, "[t]he laws which exist at the time and place of the making of a contract, enter into and form a part of it; and the parties must be presumed to have contracted with reference to such laws and their effect on the subject matter." (Citations and punctuation omitted.) *Magnetic Resonance Plus v. Imaging Systems Intl.*[5] Therefore, appellants were free to avail themselves of the procedure established by the General Assembly, at OCGA § 31-7-11, allowing purchasers of hospital services to use the mandatorily available pricing information to compare hospital charges and make cost-effective decisions. Therefore, having agreed to pay the hospital's fees and charges, appellants cannot now argue that they agreed to something else. Accordingly, construing the contract in light of the policy established by Georgia's General Assembly, we discern no error in the trial court's dismissal of appellants' breach of contract claim.

2. The remaining claims are indistinct from the claims ruled on in *Cox*, supra, 279 Ga. App. 586; *Pitts*, supra, 279 Ga. App. 637; and *Morrell*, supra, 280 Ga. App. 1. Accordingly we rely on those rulings here.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JULY 24, 2006.

*Vroon & Crongeyer, Bryan A. Vroon, John W. Crongeyer*, for appellants.

*Powell Goldstein, David P. Winkle, Richard R. Burris III, James C. Rawls, Kathlynn L. Butler, Eric P. Schroeder*, for appellee.

---

[5] *Magnetic Resonance Plus v. Imaging Systems Intl.*, 273 Ga. 525, 527 (2) (543 SE2d 32) (2001).