**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**September 28, 2020**

# In the Court of Appeals of Georgia

A20A1052. TAYLOR v. AMERIS BANK.

REESE, Presiding Judge.

Phillip H. Taylor, Jr. ("the Appellant") seeks immediate review of the trial court's denial of his motion for summary judgment against Ameris Bank ("the Appellee"). The Appellant argues that the trial court erred in finding that the Appellee's claims were not barred by the statute of limitation. For the reasons set forth below infra, we affirm.

Summary judgments enjoy no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met. In our de novo review of the grant or denial of a motion for summary judgment, we

must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant.[1]

So viewed, the record shows that in 2010, Taylor Made Homes, Inc. ("TMH") executed a promissory note in favor of McIntosh State Bank ("McIntosh") in the principal amount of $143,374.53. The Appellant personally guaranteed the note. The note matured in a balloon payment due on November 10, 2010, but TMH failed to make the payment and defaulted on the loan. In May 2011, McIntosh sued the Appellant and TMH. According to the summary judgment order,[2] on May 9, 2016, the May 2011 action was dismissed for want of prosecution.[3]

Ultimately, the Appellee acquired McIntosh, and filed suit against TMH and the Appellant in March 2019 for the breach of the note.

---

[1] *DIP Lending I v. Cleveland Avenue Properties, LLC*, 345 Ga. App. 155 (812 SE2d 532) (2018) (citations and punctuation omitted).

[2] The May 2016 order dismissing the original action is not part of the appellate record.

[3] See OCGA § 9-11-41 (e) ("Any action in which no written order is taken for a period of five years shall automatically stand dismissed, with costs to be taxed against the party plaintiff. For the purposes of this Code section, an order of continuance will be deemed an order. When an action is dismissed under this subsection, if the plaintiff recommences the action within six months following the dismissal then the renewed action shall stand upon the same footing, as to limitation, with the original action.").

The Appellant filed a verified joint answer with TMH and asserted, inter alia, that the complaint failed to state a claim upon which relief could be granted and that the statute of limitation barred the action. The Appellant filed a motion for summary judgment, arguing that the Appellee failed to file the complaint within the statute of limitation. After a hearing, the trial court found that, even though the statute of limitation for the guaranty had expired, the Appellant, by contract, had waived the statute of limitation for the guaranty. Accordingly, the trial court denied the Appellant's motion for summary judgment. The Appellant sought a certificate of immediate review, which was granted by the trial court.[4] The Appellant filed a petition for interlocutory appeal, which this Court granted.

"Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[5] With these guiding principles in mind, we now turn to the Appellant's claims of error.

---

[4] TMH is not a party to this appeal.

[5] *Essien v. CitiMortgage*, 335 Ga. App. 727 (781 SE2d 599) (2016) (citing OCGA § 9-11-56 (c)) (punctuation omitted).

1. The Appellant argues that permanent prospective waiver of the defense of the statute of limitation is void because it is against public policy.

Ordinarily, actions on contracts must be brought within six years after the contract is due and payable.[6] Here, the promissory note executed by TMH was executed under seal, but the guaranty was not. In the instant case, the note was due on November 10, 2010, such that the statute of limitation expired in November 2016. Alternatively, when a civil suit is brought and dismissed for want of prosecution, it may be renewed within six months.[7] Here, the original suit was dismissed on May 9, 2016, and it could have been renewed within six months. Thus, it follows that the Appellee's action — filed in March 2019 — did not comply with any applicable statute of limitation.

In the present action, the guaranty states in relevant part:

---

[6] See OCGA § 9-3-24 (Generally, "[a]ll actions upon simple contracts in writing shall be brought within six years after the same become due and payable. However, this Code section shall not apply to actions for the breach of contracts for . . . negotiable instruments under Article 3 of Title 11."); see also OCGA § 11-3-118 (a) (providing that an action to enforce a note must be commenced within six years after the due date); OCGA § 9-3-23 (actions on instruments filed under seal may be brought within 20 years).

[7] See OCGA § 9-11-41 (e).

4

The [Appellant] waives any and all defenses, claims and discharges of [TMH], or any other obligor, pertaining to indebtedness, except the defense of discharge by payment in full. Without limiting the generality of the foregoing, *the [Appellant] will not assert, plead or enforce against [McIntosh and its successors] any defense of waiver, release, statute of limitations*, res judicata, statute of frauds, fraud, incapacity, minority, usury, illegality or unenforceability which may be available to [TMH] or any other person liable in respect of any indebtedness, or any setoff available against [McIntosh and its successors] to [TMH] or any such other person, whether or not on account of a related transaction.[8]

As a general rule, "[p]arties may stipulate for other legal principles to govern their contractual relationship than those prescribed by law; however, these must be expressly stated in the contract."[9] Moreover, "[a] guarantor may consent in advance to a course of conduct which would otherwise result in his discharge, and this includes the waiver of defenses otherwise available to a guarantor."[10]

---

[8] (Emphasis supplied.)

[9] *Wolf Creek Landfill v. Twiggs County*, 337 Ga. App. 211, 215 (1) (786 SE2d 862) (2016) (punctuation and footnote omitted).

[10] *HWA Properties, Inc. v. Community & Southern Bank*, 322 Ga. App. 877, 887 (2) (b) (746 SE2d 609) (2013) (upholding a guaranty provision identical to the provision at issue here) (citation and punctuation omitted); accord *PNC Bank, Nat. Assn. v. Smith*, 298 Ga. 818, 821-822 (3) (a) (785 SE2d 505) (2016); see *Sam's Wholesale Club v. Riley*, 241 Ga. App. 693, 697 (4) (527 SE2d 293) (1999) (noting that the statute of limitation is an affirmative defense that may be waived); see also

In considering a similar contractual provision, the Georgia Supreme Court found that a guarantor's waiver of all rights and defenses, including confirmation of a foreclosure sale, did not violate OCGA § 1-3-7,[11] which provides that "[l]aws made for the preservation of public order or good morals may not be dispensed with or abrogated by any agreement. However, a person may waive or renounce what the law has established in his favor when he does not thereby injure others or affect the public interest."

The Supreme Court reasoned that confirmation of a foreclosure sale helps "preserve the public order by ensuring that *borrowers* are not unduly stripped of their property and left destitute after their assets are subjected to a deficiency action."[12] These principles

> do not apply in the same manner to guarantors, who are, most often, volunteers to the transaction. As such, guarantors face neither the same

---

*Massachusetts Benefit Life Assn. v. Robinson*, 104 Ga. 256, 272 (30 SE 918) (1898) (When the law prescribes a statute of limitation, "it is also within the power of the contracting parties to agree among themselves upon a period of time which would amount to a statute of limitation[ ], either greater or less than the period fixed by the law.").

[11] See *Smith*, 298 Ga. at 822 (3) (a) ("[T]he freedom of contract is sacrosanct, and that freedom should not be limited absent some important public policy reason.").

[12] *Smith*, 298 Ga. at 822 (3) (b) (emphasis supplied).

disparity of bargaining power nor the same type of risk as borrowers. For this reason, a guarantor's waiver of the requirements of the confirmation statute does not clearly injure others or affect the public interest.[13]

Despite the Appellant's implicit argument that this Court should look to foreign jurisdictions in deciding this case,[14] this does not negate the fact that the General Assembly has not passed legislation that views the bargaining power of a guarantor, or the risks associated with a guaranty, in the same manner as that of a borrower, although the legislature possessed the power to do so.[15]

Here, the Appellant does not assert that any changes in the terms of the note occurred.[16] Instead, the record shows that Taylor executed a guaranty that, among

---

[13] Id. (punctuation omitted).

[14] See generally *Barrow v. Raffensperger*, 308 Ga. 660, 689 (5), n. 27 (842 SE2d 884) (2020) (It is the role of Georgia state courts to interpret the Constitution of Georgia and the laws of this state.).

[15] See *Sears v. State of Ga.*, 232 Ga. 547, 554 (3) (208 SE2d 93) (1974) ("The legislature is absolutely unrestricted in its power to legislate, so long as it does not undertake to enact measures prohibited by the State or Federal Constitution.") (citations omitted).

[16] See *Apex Bank v. Thompson*, 349 Ga. App. 285, 292-293 (1) (826 SE2d 162) (2019) ("[A]n agreement that a change in the terms of the note will not release a party who has signed the note from liability unless it is expressly stated in writing is not and should not be construed as a waiver of a guarantor's rights or defenses under the

other things, waived his ability to assert a statute of limitation defense. Thus, the trial court did not err in denying the Appellant's motion for summary judgment.[17]

2. In light of our ruling in Division 1, supra, we need not address the Appellant's remaining enumerated errors.

*Judgment affirmed. Markle and Colvin, JJ., concur.*

---

confirmation statute.") (punctuation omitted).

[17] See *Smith*, 298 Ga. at 822 (3) (b); *Robinson*, 104 Ga. at 272.