## 37125. EMORY UNIVERSITY et al. v. PORUBIANSKY.

CLARKE, Justice.

We granted certiorari to review the opinion in *Porubiansky v. Emory University,* 156 Ga. App. 602 (275 SE2d 163) (1980), which held a general release from liability used by the Emory University

School of Dentistry Clinic to be unenforceable as against public policy. We agree that the form in question is invalid as a defense in this case and affirm.

Diane Porubiansky became a patient at the dental clinic in 1976. Prior to treatment she was required to execute an "Information-Consent" form. The clinic is part of the School of Dentistry and offers dental services to the public at fees that, on the average, are less than the average price of those of private practitioners. The form explains that patients are accepted based upon the training needs of the school and that treatment will proceed more slowly than in a private office. There is also a statement that complete dental treatment cannot be assured. The last paragraph of this form provides: "In consideration of Emory University School of Dentistry performing dental treatment, I do hereby expressly waive and relinquish any and all claims of every nature I or my minor child or ward may have against Emory University, its officers, agents, employees, or students, their successors, assignees, administrators, or executors; and further agree to hold them harmless as the result of any claims by such minor child or ward, arising out of any dental treatment rendered, regardless of its nature or extent."

In April of 1977 Mrs. Porubiansky had an impacted tooth removed by Dr. Haddad, an employee of the dental clinic. She alleges that as a result of negligent treatment her jaw was broken during the surgical procedure and filed suit against Emory University and Dr. Haddad. The defendants denied any negligent treatment and further asserted that the signing of the Information-Consent form was a complete bar to the action. The trial court granted summary judgment to the defendants based upon the exculpatory clause in the form. The Court of Appeals held the clause in question to be void as against public policy.

The appellants here, Emory University and Dr. Haddad, contend that the form is a valid covenant not to sue which would prohibit recovery for negligent dental treatment. They argue that a doctor and patient may bargain for a shifting of liability without offending any policy of this state and further contend that the Emory University School of Dentistry occupies a unique position in that it services the public need by training dental professionals and offering dental services to the general public.

We agree that through the dental clinic Emory provides a worthwhile service of lower cost professional care and in the training of dental professionals. We also agree that because the clinic is part of a teaching facility it may require that prospective patients waive the right to insist on complete treatment. However, the attempt to relieve the clinic, its employees and students from the statutory duty of care

for licensed professional medical services conflicts with and frustrates the policies of the state as expressed through our General Assembly.

The practice of dentistry is a profession licensed and controlled by the state. Code Ann. Chapter 84-7. One who charges a fee for performing certain dental services is defined as "practicing dentistry" by Code Ann. § 84-701. The Emory University School of Dentistry is authorized by law to engage in the practice of dentistry and charge fees for services performed by training students under the supervision of licensed demonstrators. Code Ann. § 84-722. Dr. Haddad and the Emory University School of Dentistry are engaged in the practice of dentistry. The legislature has established a minimum standard of care for the medical profession. "A person professing to practice surgery or the administering of medicine for compensation must bring to the exercise of his profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill shall be a tort for which a recovery may be had." Code Ann. § 84-924. This standard also governs the duties and responsibilities of a dentist. *Gunthorpe v. Daniels,* 150 Ga. App. 113 (257 SE2d 199) (1979).

Since this is a dental malpractice case, Mrs. Porubiansky must necessarily establish that the above standard of care was violated. The appellants argue that the exculpatory clause is a valid covenant not to sue as defined in *Cash v. Street & Trail, Inc.,* 136 Ga. App. 462 (221 SE2d 640) (1975), and that the covenant protects them from a suit based upon failure to conform to this standard. The court in *Cash* stated at 466, "all people who are capable of contracting shall be extended the full freedom of doing so if they do not in some manner violate the public policy of this state." We agree that *Cash* properly follows the rule stated in *Phenix Ins. Co. v. Clay,* 101 Ga. 331, 332 (28 SE 853) (1897), that "It is well settled that contracts will not be avoided by the courts as against public policy, except 'where the case is free from doubt and where an injury to the public interest clearly appears.' " In examining this case we also follow the rule that the courts must exercise extreme caution in declaring a contract void as against public policy and should do so "only in cases free from doubt." *Equitable Loan &c. Co. v. Waring,* 117 Ga. 599 (44 SE 320) (1903).

In *Cash,* supra, the court held that a clause releasing a retailer of motorcycles from liability for claims arising from injury during a test drive does not offend any policy of this state. However, we find the policy considerations in this case to be different. A contract between a medical practitioner and a patient must be examined in light of the strong policy of the state to protect the health of its citizens and to regulate those professionals that it licenses. It is this strong interest of

the state in the health and health care of its citizens which gives the state the right to regulate the health professional. Geiger v. Jenkins, 316 FSupp. 370 (N. D. Ga. 1970) affd. 401 U. S. 985 (91 SC 1236, 28 LE2d 525) (1970). "The right to practice medicine is a conditional right which is subordinate to the state's power and duty to safeguard the public health, and it is the universal rule that in the performance of such duty and in the exercise of such power, the state may regulate and control the practice of medicine and those who engage therein, subject only to the limitation that the measures adopted must be reasonable, necessary, and appropriate to accomplish the legislature's valid objective of protecting the health and welfare of its inhabitants." Geiger, supra at 373.

The duty of one engaged in the practice of dentistry and medicine to "bring to the exercise of his profession a reasonable degree of care and skill" is an affirmative statutory duty imposed upon those who engage in professional practice. The obligation to practice under this standard must be viewed as a condition to the licensure of the state to engage in the practice of medicine and dentistry.

We find that it is against the public policy of this state to allow one who procures a license to practice dentistry to relieve himself by contract of the duty to exercise reasonable care. "A purported exemption from statutory liability is void, unless the purpose of the statute is merely to give an added remedy which is not based on any strong policy." 15 Williston, Contracts 1750A (3d Ed. 1972). We agree with the reasoning of the court in Olson v. Molzen, 558 SW2d 429, 430 (Tenn. 1977), a case which held a release from medical negligence void, that "rules that govern tradesmen in the market place are of little relevancy in dealing with professional persons who hold themselves out as experts and whose practice is regulated by the state."

The status of doctor and patient controls the duty to exercise reasonable care. "The law imposes upon persons of professional standing performing medical . . . and like skilled services, pursuant to their contracts with their clients, an obligation to exercise a reasonable degree of care, skill and ability, such as is ordinarily exercised under similar conditions and like circumstances by persons employed in the same or similar professions. . . . This is a duty apart from any express contractual obligation." *Mauldin v. Sheffer,* 113 Ga. App. 874, 880 (150 SE2d 150) (1966). The relationship of the parties is relevant in determining whether or not a contract is in contravention of public policy because "some relationships are such that once entered upon they involve a status requiring of one party greater responsibility than that required of the ordinary person, and

therefore, a provision avoiding liability is peculiarly obnoxious." 15 Williston, Contracts 1751 (3d Ed. 1972).

The status of the Emory University School of Dentistry as primarily a training institution does not allow for an exemption from the duty to exercise reasonable care. The clinic in offering services to the public is engaged in the practice of dentistry. The legislature while allowing such clinics to operate has not exempted them from the standard of care necessary for the protection of the public. The only exception involving liability of medical practitioners which has been made by the legislature is found in Code Ann. § 84-930. This applies only to good faith emergency medical care and is not applicable here.

We do not hold that licensed professionals may not enter into binding contracts with their patients and clients. Nor do we infer that such contracts might shift certain obligations which would otherwise arise in the relationship. However, we do conclude that the release used in the present case may not relieve the practitioner from the duty to exercise reasonable care and skill in the performance of his practice. Consequently, the attempt to plead the signing of the agreement as a complete defense to this action must fail. The Court of Appeals was correct in reversing the summary judgment and allowing Mrs. Porubiansky to proceed on her allegations that Dr. Haddad and Emory University did not exercise the requisite degree of care and skill required by law in performing the dental services in question.

*Judgment affirmed. Clarke, Smith and Gregory, JJ., and Judge Sam Phillips McKenzie, concur. Jordan, C. J., and Marshall, J., dissent. Hill, P. J., disqualified.*

DECIDED OCTOBER 14, 1981 —
REHEARING DENIED NOVEMBER 4, 1981.

*Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, Daniel S. Reinhardt, Kevin C. Greene,* for appellants.

*Peek & Whaley, J. Corbett Peek, Jr., William D. Barwick,* for appellee.