## S06A1581. POWELL v. BROWN.
(641 SE2d 519)

BENHAM, Justice.

This appeal is from an order dismissing a petition for habeas corpus filed by Jeffrey Montez Powell. Although the record is extremely sparse, it appears from the pleadings and briefs that Powell was arrested in DeKalb County for possession of marijuana with intent to distribute, obstruction of an officer, and giving a false name. Informed he would be held for an extradition warrant from Ohio, Powell signed a waiver of extradition. After signing the waiver, but before the arrival of a demand for extradition from the authorities in Ohio or, so far as the record shows conclusively, an arrest pursuant to OCGA § 17-13-34 (see infra), Powell filed a petition for a writ of habeas corpus referring specifically to the provisions of the Uniform Criminal Extradition Act, OCGA § 17-13-20 et seq.[1] The petition specified it was for the purpose of contesting the issuance, execution, and validity of governor's warrants of Ohio and Georgia. The district attorney filed a motion to dismiss on two grounds, failure to state a claim and failure of the petition to state specifically that Powell desired to test the legality of the arrest. The trial court, after a period for Powell to respond, granted the motion to dismiss.

Pretermitting the correctness of the rationale on which the trial court based its dismissal, we find the dismissal proper under the principle that "a judgment right for any reason will be affirmed. [Cit.]" *Brissey v. Ellison*, 272 Ga. 38, 40 (526 SE2d 851) (2000). For the reasons explained below, we conclude dismissal of the petition was proper because the petition was premature in that no governor's warrant had been issued or served on Powell at the time the petition was filed and, so far as the record conclusively shows, he had not been

---

[1] The procedure controlling a petition for habeas corpus under this statutory scheme differs in several respects from those providing for pre-trial habeas corpus (OCGA § 9-14-1 et seq.) and post-conviction habeas corpus. OCGA § 9-14-40 et seq.

arrested for anything other than the Georgia offenses. Thus, the petition failed to state a claim upon which habeas corpus relief could be granted.

Reading the provisions of the Uniform Criminal Extradition Act (OCGA § 17-13-20 et seq.) in pari materia, as we are required to do (*State v. Mayze*, 280 Ga. 5, 7 (622 SE2d 836) (2005)), we perceive a progression of events in which the issuance of a governor's warrant is generally the event triggering the right to challenge the warrant by means of habeas corpus. "[I]t is the duty of the Governor of this state to have arrested and delivered up to the executive authority of any other state any person charged in that state with treason, felony, or other crime, who has fled from justice and is found in this state." OCGA § 17-13-22. "No demand for the extradition of a person charged with a crime in another state shall be recognized by the Governor unless in writing . . . authenticated by the executive authority making the demand." OCGA § 17-13-23. "If the Governor decides that the demand should be complied with, he shall sign a warrant of arrest. . . ." OCGA § 17-13-27. "The warrant shall authorize the peace officer or other person to whom directed to arrest the accused. . . ." OCGA § 17-13-28.

> No person arrested upon a warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this state, who shall inform him of the demand made for his surrender, of the crime with which he is charged, and that he has the right to demand and procure legal counsel. If the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of the court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus.

OCGA § 17-13-30. Where the arresting authority learns that another state wishes to have the accused returned there but has not yet made a formal request to the governor of this State, the accused may be arrested without a governor's warrant (OCGA § 17-13-34) and may be detained for 30 days waiting for a governor's warrant (OCGA § 17-13-35), and that period may be extended for an additional 60 days. OCGA § 17-13-37.

The statutory process set out above contemplates a basic sequence in which a request is made to the governor, the governor approves the request and issues a warrant, and the accused is arrested on that warrant (or is arrested pursuant to OCGA § 17-13-34) and taken before a judicial officer who advises the accused of the

right to challenge the extradition by means of habeas corpus. Thus, the right to challenge the extradition by means of habeas corpus pursuant to OCGA § 17-13-20 et seq. arises only after the governor of this state issues a warrant and the accused is arrested on that warrant or the accused is arrested on probable cause pursuant to OCGA § 17-13-34.

Powell was not arrested on a governor's warrant, however, but on a warrant arising from criminal violations in this state. No governor's warrant had issued when Powell filed his petition and the record does not contain a conclusive showing that the provisions of OCGA § 17-13-34 had been followed. To the extent Powell may be seeking to challenge his arrest without a warrant pursuant to OCGA § 17-13-34, he has failed to plead sufficiently any facts in his petition that could be proved in support of such a claim and makes only conclusory statements of law that are insufficient to overcome a motion to dismiss. *Beckwith v. Peterson*, 227 Ga. 403 (3) (181 SE2d 51) (1971). Thus, Powell's petition pursuant to OCGA § 17-13-20 et seq. did not address his present confinement for the offenses of which he was accused in Georgia, but the confinement he expected to occur in the future. " 'A writ of habeas corpus looks only to the lawfulness of the present confinement. It does not deal with the lawfulness of a possible future imprisonment.' " *Kearse v. Paulk*, 264 Ga. 509 (448 SE2d 369) (1994). Since Powell's habeas corpus petition specifically addressed the lawfulness of extradition, but preceded the events of record which would authorize its filing, there was no "present confinement" to be examined for lawfulness under the specific statutory scheme he invoked. Thus, the petition did not state a claim upon which habeas corpus relief could be granted and was, therefore, properly dismissed.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 22, 2007 —
RECONSIDERATION DENIED FEBRUARY 26, 2007.

*Dwight L. Thomas*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.