### A09A2253. HEIMAN v. MAYFIELD et al.
#### (686 SE2d 284)

ELLINGTON, Judge.

Curtis Lee Mayfield III and Sharon Lavigne ("the beneficiaries") initiated this action in the Superior Court of Fulton County against Marvin Heiman and others in connection with the administration of a trust created by the musician Curtis Lee Mayfield, Jr. Heiman filed a counterclaim, alleging that, by filing their complaint, the beneficiaries breached contracts in which they released him from any liability. The beneficiaries dismissed their action, leaving only Heiman's counterclaim pending. The trial court granted the beneficiaries' subsequent motion to dismiss Heiman's counterclaim for failure to state a claim. Heiman appeals, and, for the reasons explained below, we reverse.

> The trial court may sustain a motion to dismiss for failure to state a claim when (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof, and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings

must be resolved in the filing party's favor. Our review of the undisputed facts and of the trial court's application of the law to those facts is de novo.

(Citations and punctuation omitted.) *DeLeGal v. Burch*, 273 Ga. App. 825, 826 (616 SE2d 485) (2005). So viewed, the record reveals the following.

Curtis Lee Mayfield, Jr., created a trust for the benefit of his wife and his descendants, including the beneficiaries who initiated this action. Mayfield named Heiman trustee in 1991 and added his (Mayfield's) wife, Altheida, as co-trustee in 1997. After Mayfield died in 1999, Mayfield's intellectual property rights and the proceeds of several life insurance policies were added to the corpus of the trust.

One of Mayfield's children, Todd Mayfield, filed a caveat to his father's will. In connection with receiving a distribution from the trust (denominated "the Net Principal Amount"), the beneficiaries each executed on April 21, 2000, a Release and Indemnification Agreement. In relevant part, the Agreement provided as follows:

13. *Indemnification, Hold Harmless and Release.* For and in consideration of the distribution of the Net Principal Amount, the Beneficiary does hereby . . .

(c) Release, remise, acquit and forever discharge the Trustees, and all of their insurers, sureties, affiliates, agents, personal representatives, administrators, attorneys, successors and assigns, from any and all claims, demands, relief, liabilities, obligations, promises, agreements, controversies, damages, causes of action, suits, rights, costs, losses, debts and expenses (including all attorneys' fees) of whatever kind or nature, which they either now have, had, or may hereafter claim to have against the Trustees or entities arising out of any action, event, omission, transaction, agreement, or occurrence, which occurred or existed at any time prior to the date hereof, whether or not now known or suspected or claimed, whether in law, arbitration, equity, statutory, or otherwise, and whether accrued or hereafter identified or maturing, other than the agreed upon distribution of the Net Principal Amount.

(d) Release, any and all claims which the Beneficiary now has or may have had, however arising in law or in equity against the Estate of Curtis Lee Mayfield, any trust created by or for Curtis Lee Mayfield of which Beneficiary was a primary or residuary beneficiary, inclusive of any claim against the Mayfield Family Trust (formerly known as

the Mayfield Revocable Trust) and the trustees, agents and attorneys for all of said trusts.

Heiman resigned as co-trustee in 2003. In January 2007, the beneficiaries initiated this action, alleging that in his capacity as a trustee Heiman committed multiple acts of fraud, negligence and other misfeasance. Some of these alleged acts predated the beneficiaries' execution of the Release and Indemnification Agreement; others occurred thereafter. In his breach of contract counterclaim, Heiman alleged that, by filing their complaint, the beneficiaries breached the above-quoted provisions of the Release and Indemnification Agreement. Heiman also claimed that he was entitled to attorney fees for abusive litigation pursuant to OCGA §§ 9-15-14 (a) and (b) and 13-6-11.

In the order granting the beneficiaries' motion to dismiss Heiman's counterclaim, the trial court ruled:

> Having considered the specific allegations pled against Mr. Heiman by the [beneficiaries] in their Complaint, as amended, the Court finds that, to the extent the provisions of the Release purport to relieve Mr. Heiman of liability for the acts alleged, the provisions are void pursuant to OCGA § 53-12-194 (a) and, therefore, cannot support the counterclaim for breach [of the release].

That Code section provides, "No provision in a trust instrument is effective to relieve the trustee of liability for breach of trust committed in bad faith or intentionally or with reckless indifference to the interest of the beneficiary or for liability for any profit which the trustee has derived from a breach of trust." In addition, the trial court dismissed Heiman's claim for attorney fees pursuant to OCGA § 13-6-11 on the basis that such fees may only be recovered where other elements of damages are recoverable and dismissed his claim for attorney fees pursuant to OCGA § 9-15-14 on the basis that such a claim must be brought as a motion and not as a counterclaim.

1. Heiman contends that the Release and Indemnification Agreement does not meet the statutory definition of a trust instrument and, therefore, that the trial court erred in declaring that the release provisions are void pursuant to OCGA § 53-12-194 (a).[1] We agree.

---

[1] The beneficiaries contend that Heiman waived this alleged error by failing to raise the issue in the trial court. This is incorrect. The beneficiaries argued in their motion to dismiss that the release provisions are void pursuant to OCGA § 53-12-194 (a). We conclude that the beneficiaries' motion and Heiman's counterargument that the release provisions were valid

As defined in the Georgia Code, a "trust" is "a fiduciary relationship with respect to property arising from a settlor's intention to impose equitable duties on a person to hold, manage, or otherwise administer that property for the benefit of another person." OCGA § 53-12-2 (8). The term "trust instrument" means "the document or documents that manifest the elements and other details of a trust." OCGA § 53-12-2 (9). The required elements of an express trust are "(1) [a]n intention by a settlor to create a trust; (2) [t]rust property; (3) [a] beneficiary; (4) [a] trustee; and (5) [a]ctive duties imposed on the trustee, which duties may be specified in the writing or implied by law." OCGA § 53-12-20 (b). Broadly speaking, the terms of a trust are whatever the settlor intended them to be at the time of the creation of the trust, so long as those terms are permitted by law. See *Miller v. Walker*, 270 Ga. 811, 815 (514 SE2d 22) (1999) ("[T]he cardinal rule in construing a trust instrument . . . is to discern the intent of the settlor and to effectuate that intent within the language used and within what the law will permit.") (citations omitted); Scott & Ascher on Trusts, Sec. 2.2.4 (2009).

The beneficiaries and Heiman executed the Release and Indemnification Agreement at issue in this case long after the creation of the trust and, indeed, several years after the death of the settlor, Curtis Lee Mayfield, Jr. Heiman's counterclaim does not suggest any basis for finding that the release provisions reflected Mayfield's intentions regarding the duties and powers of the trustee or the rights of the beneficiaries. Rather, it is apparent from the terms of the Release and Indemnification Agreement that this contract reflects the intentions only of the contracting parties, that is, the beneficiaries and Heiman. As a result, we conclude that the Release and Indemnification Agreement does not meet the statutory definition of a trust instrument. It follows, therefore, that the trial court erred in ruling that the release provisions were facially void under the limits on trust instruments imposed by OCGA § 53-12-194 (a) and for that reason were not subject to being enforced through a breach of contract claim.

2. The beneficiaries contend that the trial court's decision should be affirmed under the "right for any reason" rule.[2] Specifically, they contend the release provisions have the effect of exempting Heiman from the fiduciary duties imposed on him by statute and of prospectively forgiving him for future acts of gross negligence,

---

and binding were sufficient to place the issue before the trial court for decision.

[2] An order dismissing a complaint for failure to state a claim upon which relief could be granted may be affirmed under the principle that a judgment right for any reason will be affirmed. *Powell v. Brown*, 281 Ga. 609 (641 SE2d 519) (2007); *Walker County v. Tri-State Crematory*, 292 Ga. App. 411, 412 (664 SE2d 788) (2008).

wilful or wanton misconduct, or intentional torts. Because of this, the beneficiaries contend, the release provisions violated public policy and, therefore, were not subject to being enforced through a breach of contract claim. The releases are not void as against public policy, however, at least to the extent they release Heiman from liability for conduct and events that preceded the execution of the releases. Exculpatory clauses in which a business relieves itself from its own negligence are valid and binding in this State and are not void as against public policy unless they purport to relieve liability for acts of gross negligence or wilful or wanton conduct. *Holmes v. Clear Channel Outdoor*, 284 Ga. App. 474, 477 (2) (644 SE2d 311) (2007) (exculpatory clauses are valid and binding and not void as against public policy, although they will not relieve a party from liability for acts of gross negligence or wilful or wanton conduct).[3] Because the beneficiaries' complaint sought damages for negligence (as well as for gross negligence and wilful or wanton conduct) and for conduct that preceded (as well as followed) the execution of the Release and Indemnification Agreement, Heiman's breach of contract counterclaim did not fail to state a claim.

3. In light of the foregoing, Heiman's remaining arguments are moot.

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 20, 2009 —
RECONSIDERATION DENIED NOVEMBER 12, 2009.

*Chilivis, Cochran, Larkins & Bever, Anthony L. Cochran*, for appellant.

*Alston & Bird, Peter Q. Bassett, Kerry K. Vatzakas, Rogers & Hardin, Dan F. Laney III, Kimberly L. Myers, Drew, Eckl & Farnham, Paul W. Burke, James E. Voyles, Mark F. Milhollin*, for appellees.

---

[3] Cf. *Emory Univ. v. Porubiansky*, 248 Ga. 391, 392-395 (282 SE2d 903) (1981) (because a statutory duty of care applies to licensed providers of professional medical services, a contractual release that relieves such a provider of the duty to exercise reasonable care is void as against public policy).