**SECOND DIVISION**
**RICKMAN, C. J.,**
**MILLER, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 27, 2022**

# In the Court of Appeals of Georgia

A22A0801. CURMODE v. ALSBROOKS et al.

RICKMAN, Chief Judge.

The sole issue presented in this interlocutory appeal is whether Georgia public policy prohibits a State-licensed massage therapist from enforcing an exculpatory clause waiving liability for the therapist's alleged negligence while rendering massage therapy services. We answer that question in the negative and, therefore, we affirm the trial court's dismissal of the instant action.

We conduct a de novo review of an order granting a motion to dismiss. See *Clay v. Douglasville-Douglas County Water and Sewer Auth.*, 357 Ga. App. 434 (848 SE2d 733) (2020). To that end, "[o]ur role is to determine whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff

would not be entitled to relief under any state of provable facts." (Citation and punctuation omitted.) Id.

So construed, the pleadings show that appellant Gary Curmode, a deputy fire chief and self-proclaimed exercise enthusiast, visited a wellness spa owned, managed, and operated by appellees Village Health Georgia, PC and Village Health Marietta, LLC (collectively, "Village Health"). There, he received a deep-tissue massage by appellee Hilary A. Alsbrooks, a licensed massage therapist employed or contracted by Village Health. Curmode alleges that Alsbrooks committed negligent acts and/or omissions during the massage that caused him physical injury and resulted in him incurring substantial medical bills.

Curmode filed a personal injury action alleging claims of negligence and willful misconduct against Alsbrooks and seeking to hold Village Health vicariously liable for her actions. Alsbrooks and Village Health timely answered the complaint and filed a joint motion to dismiss the negligence claim, asserting that Curmode executed a contract in which he expressly assumed all risks associated with massage therapy and released them from liability for all claims premised upon negligence. The agreement, which was attached as an exhibit to the pleadings, provided as follows:

2

I understand that there are risks associated with massage therapy services, and I agree that as a condition of receiving these services on an ongoing basis, I will assume all risks and relieve Village Health Wellness Spa, including employees, agents, representatives, shareholders, and officers from all liability arising wholly or partly from negligence, and release and discharge them from any and all claims, demands or actions involving such injuries or complications that may arise from these services or from use of the facilities.

In response to the motion to dismiss, Curmode argued that the exculpatory clause violates Georgia's public policy and is, therefore, void. The trial court granted the motion and dismissed Curmode's negligence claim on the basis of the contractual provision.[1] Curmode filed a motion for reconsideration, which the trial court denied. He then secured a certificate of immediate review from the trial court, and this Court granted his motion for interlocutory appeal. This appeal follows.

Curmode argues that the trial court erred in ruling that the exculpatory clause in the service agreement is enforceable. Specifically, he relies on the Supreme Court of Georgia's opinion of *Emory University v. Porubiansky*, 248 Ga. 391, 394 (282 SE2d 903) (1981), to assert that the exculpatory clause purporting to relieve

[1] To the extent Curmode's complaint alleged that the defendants acted wilfully, those claims remain pending.

3

Alsbrooks and Village Health from liability for negligence is violative of Georgia public policy and, therefore, cannot be used to preclude his claim.

We begin our analysis by noting that, as a general rule, "[e]xculpatory clauses in which a business relieves itself from its own negligence are valid and binding in this State[.]" *Heiman v. Mayfield*, 300 Ga. App. 879, 883 (2) (686 SE2d 284) (2009). Nevertheless, Georgia law prohibits the enforcement of "[a] contract that is against the policy of the law[.]" OCGA § 13-8-2 (a).

The *Porubiansky* case, upon which Curmode relies, held that it was against the policy of this State to allow one who procured a license to practice dentistry to relieve by contract his or her affirmative statutory duty to exercise reasonable care. 248 Ga. at 393-394. In that case, a dental school clinic offered dental services to the public and charged fees for services performed by dental students in training under the supervision of licensed dentists. Id. at 393. Prior to treatment, the clinic required its patients to sign a consent form "expressly waiv[ing] and relinquish[ing] any and all claims of every nature" against the clinic and its employees and students for services rendered. 248 Ga. at 392.

In rejecting the contractual provision, the *Porubiansky* Court recognized that through the adoption of OCGA § 51-1-27, the Georgia General Assembly established

4

a minimum standard of care and a private cause of action in medical malpractice actions:

> A person professing to practice surgery or the administering of medicine for compensation must bring to the exercise of his profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill shall be a tort for which a recovery may be had.

248 Ga. at 393. The Court reasoned that this affirmative statutory duty of care "is a duty apart from any express contractual obligation," and concluded that, "the attempt to relieve the clinic, its employees and students from the statutory duty of care for licensed professional medical services conflicts with and frustrates the policies of the [S]tate as expressed through our General Assembly." (Citation and punctuation omitted.) Id. at 392-393, 394.

Curmode contends that the exculpatory clause in this case is rendered unenforceable by the holding of *Porubiansky*. In so doing, he extends its reasoning to preclude exculpatory clauses in the contracts of all "licensed healthcare providers," including that of Alsbrooks and, by extension, Village Health. See OCGA § 43-24A-2 ("The General Assembly acknowledges that the practice of massage therapy is a therapeutic health care service delivered by health care professionals . . .").

Curmode overstates the holding of *Porubiansky*. The *Porubiansky* Court based its reasoning not on the fact that dentistry was a licensed healthcare profession, but on the fact that the waiver of liability in the dental school's contract frustrated the policies of Georgia as expressed through the General Assembly's adoption of OCGA § 51-1-27 and its directive that a failure to meet the statutory standard of care "shall be a tort for which a recovery may be had." *Porubiansky*, 248 Ga. at 393-394. But despite Curmode's argument to the contrary, the statutory standard of care and private cause of action set forth in OCGA § 51-1-27 does not govern the massage services offered by Alsbrooks and Village Health at the wellness spa.

OCGA § 51-1-27 governs medical malpractice actions. *Porubiansky*, 248 Ga. at 394 ("The status of doctor and patient controls the duty to exercise reasonable care."). See generally *Bruscato v. O'Brien*, 307 Ga. App. 452, 455 (1) (705 SE2d 275) (2010). Medical malpractice actions have three essential elements: "(1) the duty inherent in the doctor-patient relationship; (2) the breach of that duty by failing to exercise the requisite degree of skill and care; and (3) that this failure be the proximate cause of the injury sustained." (Citation and punctuation omitted.) *Zwiren v. Thompson*, 276 Ga. 498, 499 (578 SE2d 862) (2003). Because the statutory duty of care set forth in OCGA § 51-1-27 arises from the physician-patient relationship,

6

there can be no liability for malpractice in the absence of that relationship. See

*Rindsberg v. Neacsu*, 317 Ga. App. 269, 272 (730 SE2d 525) (2012) ("Georgia law

is clear that physician-patient privity is an absolute requirement for the maintenance

of a professional malpractice action."); *Bruscato*, 307 Ga. App. at 457 (1) ("[M]edical

malpractice cases . . . *require* a physician-patient relationship between the defendant

and the plaintiff.") (emphasis in original). "Doctor-patient privity is essential because

it is this relation which is a result of a consensual transaction that establishes the legal

duty to conform to a standard of conduct." (Citation and punctuation omitted.)

*Anderson v. Houser*, 240 Ga. App. 613, 615 (1) (523 SE2d 342) (1999). "The

relationship is considered consensual where the patient knowingly seeks the

assistance of the physician and the physician knowingly accepts him as a patient."

(Citation and punctuation omitted.) Id.

Here, not only was Alsbrooks not a physician, but the contract executed by

Curmode prior to his massage dispensed with any such notion:

> Massage Therapy is for the purpose of stress reduction and relief from
> muscular tension or spasm. Massage Therapists do not diagnose illness,
> disease or any other physical or mental disorder. Massage Therapy is not
> a substitute for medical care, medical examination, or diagnosis.

7

It follows that the reasoning underlying the holding in *Porubiansky* does not extend to these facts so as to render unenforceable the exculpatory clause in this case. See generally *Lovelace v. Figure Salon, Inc.*, 179 Ga. App. 51, 52 (1) (345 SE2d 139) (1986) (enforcing exculpatory clause in contract for the use of fitness equipment as not violative of public policy); *City of Pembroke v. Hagin*, 194 Ga. App. 642, 643 (1) (391 SE2d 465) (1990) (recognizing that the judiciary is "not lightly to interfere with this freedom of contract") (citation and punctuation omitted); *Cash v. Street & Trail, Inc.*, 136 Ga. App. 462, 465-466 (221 SE2d 640) (1975) ("It is well settled that contracts will not be avoided by the courts, as against public policy, except where the case is free from doubt, and where an injury to the public interest clearly appears.") (citation and punctuation omitted). The trial court did not err in dismissing Curmode's claim for negligence.

*Judgment affirmed. Miller, P. J., and Pipkin, J., concur.*