A92A1128. TAHOE-VININGS et al. v. VININGS PARTNERS.
A92A1129. HEWELL v. VININGS PARTNERS.
(424 SE2d 30)

JOHNSON, Judge.

The Vinings Partners (the partners) contracted to purchase an apartment complex from Tahoe-Vinings. After the sale of the property, the partners filed a complaint against Tahoe-Vinings and its general partners, Hiram Cochran and Cochran Properties, Inc. (CPI), and L. David Hewell, the design architect for the project. The partners direct the first four counts of their complaint against Tahoe-Vinings, Cochran and CPI, alleging breach of express warranty, negligent construction, fraudulent concealment of latent defects, and passive or negligent concealment. In Count 5, the partners seek rescission of the contract. In Counts 6 through 8 the partners assert claims against Hewell for negligence, fraud and breach of contract. In Counts 9 and 10, the partners seek recovery of exemplary damages and attorney fees against all defendants. Tahoe-Vinings, Cochran, CPI and Hewell moved for summary judgment on all counts of the complaint and the trial court denied the motions. Tahoe-Vinings, Cochran and CPI appeal from that ruling in Case No. A92A1128 and Hewell appeals in

Case No. A92A1129. We reverse.

## Case No. A92A1128

1. Tahoe-Vinings, Cochran and CPI assert in their first enumeration of error that the trial court erred in denying their motion for summary judgment on all of the partners' claims because of release and waiver language in the agreement. "It is general contract law in Georgia that parties are free to contract about any subject matter, on any terms, unless prohibited by statute or public policy, and injury to the public interest clearly appears." (Citations and punctuation omitted.) *Castellana v. Conyers Toyota*, 200 Ga. App. 161, 164 (2) (407 SE2d 64) (1991); *Piedmont Arbors Condo. Assn. v. BPI Constr. Co.*, 197 Ga. App. 141 (397 SE2d 611) (1990). Here, the parties' agreement provides, "Purchaser [the partners] acknowledges that Seller [Tahoe-Vinings] neither has made nor is hereby making any representations or warranties regarding the condition of the Project, that Purchaser has satisfied itself in all respects regarding the condition of the Project and that Purchaser is taking the Project 'AS IS, WHERE IS.' Purchaser expressly releases and waives any claims against Seller for any matter pertaining to the condition of the Project." The partners have made no showing that such an agreement is prohibited by statute or public policy. All of the partners' claims pertain to the condition of the project. By the terms of the agreement, however, the partners have released and waived any such claims. They further agreed that Tahoe-Vinings made no representations or warranties regarding the condition of the project and that the partners had satisfied themselves as to the condition of the project. Accordingly, the trial court erred in denying the motion for summary judgment of Tahoe-Vinings, Cochran and CPI as to all of the partners' claims against them.

2. Because of our decision in Division 1, we need not address the appellants' remaining enumerations of error.

## Case No. A92A1129

All of the partners' claims against Hewell are based on a letter Hewell wrote to CPI. In the letter, Hewell stated that to the best of his knowledge the construction of the project was substantially completed in a first class, workmanlike manner and in accordance with the architectural plans and applicable laws. The partners' negligence claim against Hewell must fail because Hewell owed no duty to them; he was not hired by the partners and he had no relationship with them. *Badische Corp. v. Caylor*, 257 Ga. 131, 132-133 (356 SE2d 198) (1987). The partners' fraud claim against Hewell also must fail because there is no evidence in the record that Hewell made a wilful misrepresentation or that the partners could reasonably rely on the

letter from Hewell to CPI. *Bimbo Bldrs. v. Stubbs Properties*, 158 Ga. App. 280 (279 SE2d 730) (1981). Finally, Hewell cannot be liable to the partners for breach of contract because he had not entered into any contract with them. The trial court erred in denying Hewell's motion for summary judgment.

*Judgments reversed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 2, 1992 —
RECONSIDERATION DENIED OCTOBER 16, 1992 — 

*Schreeder, Wheeler & Flint, David Flint, Timothy C. Batten,* for appellants (case no. A92A1128).

L. David Hewell, *pro se.*

*Hendrick, Spanos & Phillips, David R. Hendrick, Victoria Tobin,* for appellee.