A92A1739. DAILEY v. COTTON STATES MUTUAL
INSURANCE COMPANY.
(427 SE2d 109)

COOPER, Judge.

In 1991, appellee sued appellant for premium payments due on two policies of multiple peril crop insurance issued by appellee to appellant. Appellant filed an answer and counterclaim, alleging in paragraphs 1 through 5 of the counterclaim that appellee was liable to him in the amount of $66,000 for failure to investigate a loss reported in 1989. In the remaining two paragraphs in the counterclaim, appellant alleged that appellee was liable for fraud. Appellee moved for partial summary judgment on paragraphs 1 through 5 of appellant's counterclaim on the ground that the claim was barred by the contractual 12-month limitation period in the policy. The trial court's grant

of appellee's motion is enumerated as error.

The policies of insurance issued to appellant contained the following provision: "You cannot bring suit or action against us unless you have complied with all of the policy provisions. If you do enter suit against us you must do so within 12 months of the occurrence causing the loss or damage." "There is no question that contractual limitations are valid and will be enforced by the courts. [Cit.]" *Desai v. Safeco Ins. Co. of America,* 173 Ga. App. 815, 816 (328 SE2d 376) (1985). Appellant does not contest the validity of the contractual limitation period but argues that paragraphs 1 through 5 of his counterclaim allege a cause of action for recoupment which is not barred by the limitation period. We disagree. "It is true that a statute of limitation is not a bar to a recoupment defense. . . . The rationale for the non-applicability of a statute of limitation to a defense in the nature of recoupment is that the defense arises out of the very contract which the plaintiff wishes to enforce. [Cit.]" (Indention omitted.) *Hodges v. Community Loan &c. Corp.,* 133 Ga. App. 336, 343 (210 SE2d 826) (1974), reversed on other grounds, 234 Ga. 427 (216 SE2d 274) (1975). However, appellant seeks to assert a claim against appellee for appellee's alleged failure to investigate a claim made by appellant pursuant to the policy. Appellant's claim is totally unrelated to the action brought by appellee for non-payment of premiums and bears no direct relationship to appellant's obligation to pay the premiums due on the policies issued by appellee. Consequently, we conclude that appellant's claim is in the nature of an action for set-off and is subject to the contractual statute of limitation stated in the policy. See *Hodges,* supra at 344.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 20, 1993.

*Kitchens, Wolfson, Smith & Hannan, B. Miles Hannan,* for appellant.

*Young, Clyatt, Turner, Thagard & Hoffman, Sherry S. Harrell,* for appellee.