A99A1249. WILLIAMS v. MAYFLOWER INSURANCE COMPANY, LTD.
(519 SE2d 506)

JOHNSON, Chief Judge.

This case involves a suit to recover on an insurance policy. Larry Williams was injured when an oven exploded in a house owned by Clinton Williams, his brother. At the time of the injury, Clinton Williams had a homeowner's insurance policy with Mayflower Insurance Company, Ltd. Larry Williams submitted a claim for benefits under his brother's insurance contract. Since the policy excluded coverage

for "bodily injury to you or a relative," Mayflower denied benefit payments.

Subsequently, Larry Williams sued his brother, and a jury awarded him $250,000. The brothers then executed a covenant not to enforce judgment, in which Larry Williams promised not to pursue the judgment against his brother and his brother purported to assign all rights in his insurance contract to Larry Williams. The assignment gives Larry Williams "all claims and/or causes of action [the policyholder has] against any entity providing liability insurance to [him] arising out of such coverage and any denial of coverage." However, the insurance policy states that "you cannot transfer your interest under your policy to anyone else unless we agree to the transfer. Our agreement must be in writing." It is undisputed that Clinton Williams never requested consent from Mayflower to transfer his rights under the policy to his brother and that Mayflower did not consent to the assignment.

Larry Williams sued Mayflower for an alleged breach of contract and bad faith refusal to pay benefits, relying upon the purported assignment to provide the requisite standing needed to pursue Mayflower directly.[1] The breach of contract claim is premised on the allegation that Mayflower breached its contract by refusing to pay benefits to Larry Williams for personal injuries suffered on the insured property. Mayflower moved for summary judgment based on the non-assignability clause of the insurance contract and Larry Williams' lack of standing. The trial court granted Mayflower's motion. For reasons which follow, we affirm.

On appeal of the grant of summary judgment, this court applies a de novo review of the evidence to determine whether any question of material fact exists. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993). Summary judgment is appropriate where the moving party can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A defendant meets this burden by "showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . All of the other disputes of fact are rendered immaterial. [Cit.]" *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Larry Williams contends the trial court erred in determining that the contract claim was not a transferable property right. However, a review of the record reveals that the trial court did not rule

---

[1] Larry Williams conceded that he lacked standing to pursue the bad faith refusal to pay benefits claim and abandoned this claim.

that the underlying contract claim was non-transferable. The trial court merely upheld the policy's non-assignability clause in which the insured contracted away his right to transfer an otherwise transferable property right unless he obtained the insurer's written consent to the transfer.

It is axiomatic that parties are bound by the terms of their insurance contracts. See *Sapp v. State Farm Fire &c. Co.*, 226 Ga. App. 200, 201 (1) (a) (486 SE2d 71) (1997). Contractual limitations are valid and will be enforced by the courts. *Dailey v. Cotton States Mut. Ins. Co.*, 207 Ga. App. 139, 140 (427 SE2d 109) (1993). Most significantly, Georgia law expressly provides that insurers may limit the assignability of rights under policies through the use of non-assignability clauses. OCGA § 33-24-17.

In the present case, Mayflower introduced the contract at issue, which specifically and unambiguously stated that any assignment must be consented to in writing. There is no dispute that Mayflower was not informed of the assignment and did not consent to the assignment. Once this evidence was presented to the trial court, Larry Williams could not rest on his pleadings, but rather was required to point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e). Larry Williams failed to do this.

According to Larry Williams, the non-assignability clause has been rendered nugatory since his brother had paid his premiums and, therefore, performed his obligations under the contract. See *Mail Concepts v. Foote & Davies, Inc.*, 200 Ga. App. 778, 781 (3) (409 SE2d 567) (1991) (once a party to the contract performs its obligations so that the contract is no longer executory, its right to enforce the other party's liability under the contract may be assigned without the other party's consent even if the contract contains a non-assignment clause). However, pretermitting the merits of this issue, our review of the record indicates that it was not raised or decided in the trial court. Thus, we will not consider this issue for the first time on appeal. See *Vickers v. Coffee County*, 255 Ga. 659, 661 (340 SE2d 585) (1986) (addendum).

Moreover, even if the issue was preserved and the holding in *Mail Concepts* applies to the present situation, the record is devoid of any evidence regarding Clinton Williams' payment of premiums. It was incumbent upon Larry Williams, not Mayflower, to establish that Clinton Williams had fully performed under the contract and to provide the trial court with any evidence showing why the non-assignment clause may be nugatory. See *Hill Aircraft &c. Corp. v. Planes, Inc.*, 169 Ga. App. 161, 165 (2) (312 SE2d 119) (1983). The trial court did not err in granting summary judgment to Mayflower.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED JUNE 16, 1999.

*Lee, Black, Scheer & Hart, Steven E. Scheer, Christopher L. Rouse*, for appellant.
*Brannen, Searcy & Smith, Beverly G. O'Hearn*, for appellee.