A07A1091. MICHNA v. BLUE CROSS AND BLUE SHIELD OF GEORGIA, INC.
(653 SE2d 377)

BARNES, Chief Judge.

Following our grant of a discretionary appeal under OCGA § 5-6-35 (a) (1), Robert J. Michna appeals the grant of summary judgment to Blue Cross and Blue Shield of Georgia, Inc. ("Blue Cross"). The appeal arises from a suit Michna brought against Blue Cross, his insurer, which had refused to pay a hospital bill he submitted.[1]

Michna went to the emergency room, sought treatment, and was placed in a bed and observed for just less than 23 hours before being released. Based in part on the hospital's policy of considering "observation status services" as outpatient services, the hospital determined that Michna received outpatient services.

The insurance in question is a limited policy designed to offer catastrophic coverage. The policy specifically excludes payment for outpatient services in Section 9.1 (1) of the policy. The policy provides benefits for inpatient services and outpatient surgical care. If Michna

---

[1] An application was required because the case originated in magistrate court and was appealed to the superior court.

was an "outpatient," his stay would not be covered under the policy, but he would be covered if he was an "inpatient." The terms "outpatient" and "inpatient," however, are not well defined in the insurance policy.

The hospital's director of clinical care coordination testified that the services provided to Michna did not include any "inpatient charges." She also testified that the hospital determined that the services provided were "outpatient medical care." The claim submitted by the hospital to Blue Cross was coded as "outpatient services." Further, any inpatient admission was required to be "pre-certified" by Blue Cross, and, because the hospital did not consider Michna's care as inpatient care, it did not ask Blue Cross to pre-certify his admission to the hospital.

In granting summary judgment to Blue Cross, the trial court noted that Michna was not charged for a room and that his stay was for less than 24 hours, and that while the terms were not specifically defined in the policy, "inpatient" and "outpatient" were of common usage among laypeople. Thus, to a layperson, an inpatient "would imply, at the least, that one would be charged by the hospital for a hospital room."

"Insurance in Georgia is a matter of contract and the parties to the contract of insurance are bound by its plain and unambiguous terms. [Cit.]" *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712, 716 (4) (470 SE2d 659) (1996). Whether a contract is ambiguous, however, is a question of law for the court. *Capital Ford Truck Sales v. U. S. Fire Ins. Co.*, 180 Ga. App. 413, 417-418 (349 SE2d 201) (1986), rev'd on other grounds, *U. S. Fire Ins. Co. v. Capital Ford Truck Sales*, 257 Ga. 77 (355 SE2d 428) (1987). Thus,

> construction of contracts involves three steps. At least initially, construction is a matter of law for the court. First, the trial court must decide whether the language is clear and unambiguous. If it is, the court simply enforces the contract according to its clear terms; the contract alone is looked to for its meaning. Next, if the contract is ambiguous in some respect, the court must apply the rules of contract construction to resolve the ambiguity. Finally, if the ambiguity remains after applying the rules of construction, the issue of what the ambiguous language means and what the parties intended must be resolved by a jury. (Cit.)

*Schwartz v. Harris Waste Mgmt. Group*, 237 Ga. App. 656, 660 (2) (516 SE2d 371) (1999). "It is the function of the court to construe the contract as written and not to make a new contract for the parties." (Punctuation omitted.) *Ga. Magnetic Imaging v. Greene County Hosp.*

*Auth.*, 219 Ga. App. 502, 504 (1) (466 SE2d 41) (1995). Additionally, because construction of contracts is ordinarily a matter of law for the court, contract disputes are particularly well suited for adjudication by summary judgment. *Burns v. Reves*, 217 Ga. App. 316, 318 (1) (457 SE2d 178) (1995).

Under our law, when a provision in a policy is susceptible to more than one meaning, even if each meaning is logical and reasonable, that provision is ambiguous. *Hurst v. Grange Mut. Cas. Co.*, supra 266 Ga. at 716 (4). Such contracts must be construed against the insurer and in favor of the insured. Id. Nevertheless, language which is unambiguous will not be construed as ambiguous based on extrinsic circumstances, *Walton v. Datry*, 185 Ga. App. 88, 94 (5) (a) (363 SE2d 295) (1987), and even though ambiguous exclusions may be construed liberally in favor of the insured and strictly construed against the insurer, this cannot be done when the exclusion is clear and unequivocal. *United Svcs. &c. Assn. v. Lail*, 192 Ga. App. 487, 489 (1) (385 SE2d 424) (1989).

Further, when construing contracts, "[w]ords generally bear their usual and common signification; but technical words, words of art, or words used in a particular trade or business will be construed, generally, to be used in reference to this peculiar meaning." OCGA § 13-2-2 (2). Unambiguous terms are taken in their plain, ordinary and popular sense as supplied by dictionaries. *Henderson v. Henderson*, 152 Ga. App. 846, 847 (1) (264 SE2d 299) (1979).

Article 3.3 (1) of the policy provides:

3.3 Covered Hospital Inpatient Services
This individual direct pay policy is designed to offer you catastrophic coverage. It pays for covered Hospital inpatient care and surgery and selected outpatient services related to inpatient Admissions. Strict limitations apply to Covered Services. For example, this Contract does not cover outpatient medical care including Physician office visits, prescription drugs, nervous and mental care, maternity care, Physical Therapy, durable medical equipment and many other services. Exclusions are explained more fully in Article 9.

In Article 11.1 (Hospital Inpatient Benefits) defining the "Conditions Under Which Benefits Shall Be Rendered," the policy states:

[Hospital inpatient] benefits are available only if you are admitted as a bed patient to a Hospital on the order of a licensed Physician. You must be under the care of this Physician. The Physician must be a member of the staff of, or acceptable to, the Hospital where you are a patient. The

service which you get at a Hospital is subject to all the rules and regulations of the Hospital which you or your Physician selects. Such rules also control Admission policies.

Although this reference to "bed patient" is probably obsolete, the phrase is not entirely relevant to disposition of the case. The key question is whether Michna was admitted to the hospital as a patient. The trial court considered evidence as to the customs and practices of the hospital and insurance businesses, both of which viewed a hospital stay of less than 24 hours to be an "outpatient" visit, and granted summary judgment to the insurance company, concluding that Michna was an "outpatient" and not an "inpatient." Under the contract language, the correct path to determining whether Michna was an "inpatient" is to determine whether he was admitted to the hospital, and he was not.

"Competent parties are free to choose, insert, and agree to whatever provisions they desire in a contract . . . unless prohibited by statute or public policy. [Cit.]" *Simmons v. Select Ins. Co.*, 183 Ga. App. 128, 129 (1) (358 SE2d 288) (1987). Here Michna purchased a policy of insurance designed to provide catastrophic coverage. It was not intended to cover and did not cover outpatient services.

Therefore, even though Michna remained at the hospital for an extended period he was not admitted to the hospital, and the trial court did not err by granting summary judgment to Blue Cross.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED OCTOBER 29, 2007 — ■■■■■■■■

■■■■■■■■■■■■■■■■■■

*Lee, Black, Hart & Rouse, Christopher L. Rouse*, for appellant. *Michael R. Hurst*, for appellee.

