A11A2230. GRAND MASTER CONTRACTING, LLC v. LINCOLN APARTMENT MANAGEMENT LIMITED PARTNERSHIP et al.

(724 SE2d 456)

MIKELL, Presiding Judge.

Plaintiff Grand Master Contracting, LLC ("Grand Master"), brought this suit against Lincoln Apartment Management Limited Partnership ("Lincoln"), property manager of the Woodchase Village Apartments (the "Apartment Complex"), and Lincoln's general manager, Lincoln BP Management ("appellees").[1] Grand Master's complaint alleged that it was owed over $59,000 for services and material it provided to repair and renovate the Apartment Complex. Grand Master also sought recovery on a claim of fraudulent misrepresentation on the theory that appellees ordered the goods and services from Grand Master while knowing the invoices would not be paid. Appellees moved for summary judgment on the ground that although Lincoln contracted with Grand Master to provide the services and material for the renovations, Lincoln was acting at all times as the agent of the owner of the Apartment Complex, Terrell Mill Associates, LLC. Grand Master appeals from the trial court's grant of summary judgment to appellees. Finding no error, we affirm.

Summary judgment is appropriate if the pleadings and evidence show that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.[2] On appeal from the grant or denial of summary judgment, an appellate court conducts a de novo review, construing all reasonable inferences in the light most favorable to the nonmoving party.[3] In moving for summary judgment, defendants "who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence in the record that there is an absence of evidence to support any essential element

---

[1] Grand Master also named Terrell Mill Associates, LLC, owner of the Apartment Complex, as a defendant, but later voluntarily dismissed all claims against it.

[2] OCGA § 9-11-56 (c).

[3] *Alston & Bird LLP v. Mellon Ventures II, L.P.*, 307 Ga. App. 640 (706 SE2d 652) (2010).

of the nonmoving party's case."[4]

So viewed, the record shows that between September and October 2008, Grand Master was hired to provide goods and services to maintain, renovate and repair the Apartment Complex. Lincoln required all vendors, including Grand Master, to sign a Vendor Insurance Requirements Agreement (the "VIRA") before commencing work at the Apartment Complex. The VIRA provides: "Vendor understands and agrees that the legal Owner of the community is responsible for the payments of any services or materials performed or delivered, and not Lincoln, which is the property management company and Agent for the Owner of the community." Although the VIRA did not specifically state that Terrell Mill was the owner of the Apartment Complex, the VIRA required vendors to add the "owner and owner's agent" as additional insureds on all insurance policies. Grand Master's field manager, Jane Yang, signed the VIRA on August 20, 2008, prior to commencing any work on the Property. The certificate of liability insurance issued to Grand Master included Terrell Mill as the certificate holder on the document.

After the work had been performed, the Apartment Complex was foreclosed upon. At the time of foreclosure, Grand Master was owed $59,758 for unpaid invoices. Grand Master filed suit on open account seeking reimbursement for the unpaid invoices, plus interest and costs; and for fraudulent misrepresentation, claiming that appellees ordered goods and services from Grand Master that it knew could not be repaid.

The trial court granted summary judgment in favor of appellees as to the open account claim, ruling that appellees were not liable for the unpaid invoices because the VIRA "specifically indicates that [appellees] would not be liable for any non-payment for the goods and services at issue here. Rather, the property owner would be so liable." The trial court also granted summary judgment in favor of appellees on the fraudulent misrepresentation claim, ruling that Grant Master "has cited to no evidence showing that [appellees] culpably elicited money with no intention of providing fair value for the funds."

1. Grand Master argues that the trial court erred in granting summary judgment because an issue of material fact exists as to whether appellees made a valid disclosure of the identity of Lincoln's principal. Under Georgia law, an agent who makes a contract without identifying his principal can become personally liable on the contract.[5] However, none of the cases relied upon by Grand Master

---

[4] (Citation omitted.) *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010).

[5] See OCGA § 10-6-87; *Wojcik v. Lewis*, 204 Ga. App. 301, 304 (2) (419 SE2d 135) (1992).

involve a written contract where the plaintiff agreed that the agent would not be held responsible for any payment for materials or services rendered.[6] Georgia law recognizes that "[u]nless prohibited by statute or public policy, the parties are free to contract on any terms and about any subject matter in which they have an interest,"[7] and such agreements will be enforced by the courts.[8] The VIRA, signed by Grand Master and Lincoln, specifically states that Lincoln would not be held liable for any services performed or materials delivered. The clear terms of the VIRA provide that appellees are not responsible for payment; rather, the owner is solely responsible for all unpaid invoices. Neither appellee is the owner of the apartment complex. Accordingly, there is no issue of material fact as to appellees' liability since it was expressly provided for in the VIRA.

Grand Master's argument that it did not have knowledge of the contents of the VIRA because its employee, Yang, did not keep a copy after signing it is meritless. Grand Master is bound by, and charged with knowledge of, the VIRA's terms even if Grand Master did not read it.[9]

2. Grand Master alleges that appellees engaged in fraud by arranging for Grand Master to provide goods and services to the Apartment Complex, when Lincoln knew that the owner, Terrell Mill, could not pay. Grand Master argues that the trial court erred in granting summary judgment because issues of material fact remain as to its fraudulent misrepresentation claim. We disagree.

The tort of fraudulent misrepresentation has five essential elements. Grand Master must show: (1) that Lincoln made false representations; (2) that Lincoln knew the representations were false at the time (scienter); (3) that Lincoln made the representations intending to deceive Grand Master and induce it to perform the work; (4) that Grand Master justifiably relied upon such representations; and (5) that Lincoln's misrepresentations resulted in damages and loss to Grand Master.[10]

Grand Master has failed to present evidence raising a genuine

---

[6] See *Hunter-Turnkey, Inc. v. Pilot Property Co.*, 210 Ga. App. 365-366 (436 SE2d 84) (1993) (error to enter judgment for defendant apartment management company, where evidence showed that defendant never disclosed the fact of its agency or its principal to contractor suing on oral agreements); *Redi-Floors, Inc. v. Sonenberg Co.*, 254 Ga. App. 615, 616 (1) (563 SE2d 505) (2002) (jury question existed as to agent's liability where some evidence showed that agent, in placing oral order for carpet, failed to disclose principal apartment owner's name to plaintiff supplier).

[7] (Citation and punctuation omitted.) *City of Pembroke v. Hagin*, 194 Ga. App. 642, 643 (1) (391 SE2d 465) (1990).

[8] Id.

[9] See *Arko v. Cirou*, 305 Ga. App. 790, 793 (1) (700 SE2d 604) (2010).

[10] See *Catrett v. Landmark Dodge*, 253 Ga. App. 639, 640 (1) (560 SE2d 101) (2002).

issue of material fact as to an essential element of its fraud claim, that Lincoln knew Terrell Mill would be unable to pay for services rendered. Appellees submitted evidence that although the rental income from the Apartment Complex was rarely sufficient to meet each month's financial obligations at the property, the property owner regularly infused capital into the property so that all financial obligations could be met; and that Lincoln had a long history with Terrell Mill's parent entity, which had always appropriately funded its projects. Terrell Mill supplied funds for the financial obligations of the Apartment Complex until November 2008, by which time Grand Master had already completed work on the property. In the face of this evidence, Grand Master has introduced no evidence showing that appellees knew its invoices could not be paid. "So long as one essential element under any theory of recovery is lacking, the defendant is entitled to summary judgment as a matter of law irrespective of any issues of fact with regard to other essential elements."[11]

*Judgment affirmed. Dillard and Boggs, JJ., concur.*

DECIDED FEBRUARY 29, 2012.

*Isenberg & Hewitt, Allison L. Byrd*, for appellant.
*Fowler, Hein, Cheatwood & Williams, Justin D. Kreindel*, for appellees.

---

[11] (Citation and punctuation omitted.) *Arp v. United Community Bank*, 272 Ga. App. 331, 335 (3) (612 SE2d 534) (2005).