**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 7, 2013**

**NOT TO BE OFFICIALLY**
**REPORTED**

# In the Court of Appeals of Georgia

A13A1226. CLUB LIBRA, INC. v. R. L. KING PROPERTIES, LLC.

MCFADDEN, Judge.

Club Libra, Inc. appeals from a grant of summary judgment awarding insurance proceeds to R. L. King Properties, LLC. Because there exists no genuine issue of material fact, we affirm.

1. *Insurance policy.*

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Insurance in Georgia is a matter of contract, and we have long held that contract disputes are well suited for adjudication by summary judgment because construction of a contract is ordinarily

a matter of law for the court." *Maxum Indem. Co. v. Jimenez*, 318 Ga. App. 669 (734 SE2d 499) (2012) (citations and punctuation omitted).

The record shows that Essex Insurance Company issued an insurance policy to Club Libra to cover premises leased from R. L. King Properties. After the property was damaged by fire, both R. L. King and Club Libra requested payment of insurance proceeds. Essex offered to issue a joint check made out to both entities for the full amount of insurance coverage in question. Both Club Libra and R. L. King rejected the proposal, after which Essex filed an interpleader action against Club Libra and R. L. King, requesting that the distribution of the insurance proceeds be resolved. Pursuant to a court order, Essex deposited the insurance funds at issue, $91,869.54, into the registry of the court. R. L. King moved for summary judgment. The trial court granted the motion, finding that R. L. King is the owner of the building, is named as the sole mortgage holder under the insurance policy, and that under the terms of the policy it is entitled to the proceeds paid into the court registry. Club Libra appeals.

As noted above, insurance is a matter of contract, "and the parties to the contract of insurance are bound by its plain and unambiguous terms." *Michna v. Blue Cross and Blue Shield of Ga.*, 288 Ga. App. 112, 113 (653 SE2d 377) (2007) (citations and punctuation omitted). Thus, in construing an insurance policy, a court

must first "decide whether the language is clear and unambiguous. If it is, the court simply enforces the contract according to its clear terms; the contract alone is looked to for its meaning." Id. (citations omitted).

In this case, the commercial property declarations page of the policy plainly identifies R. L. King as the sole mortgage holder of the property. The policy's building and personal property coverage form includes a mortgage holder provision, which states that the mortgage holder has the right to receive "loss payment" and that Essex "will pay for covered loss of or damage to buildings or structures to each mortgageholder shown in the Declarations in their order of precedence, as interests may appear." This language clearly and unambiguously provides that R. L. King, as the sole mortgage holder, is entitled to payment for the damage to its property. Accordingly, the trial court did not err in simply enforcing the insurance contract according to its clear terms by awarding the insurance proceeds to R. L. King.

Club Libra acknowledges in its brief that the insurance policy provides that Essex should make payment for covered loss or damage to the mortgage holder. Despite that clear language of the insurance policy, Club Libra contends that R. L. King is not entitled to the insurance proceeds because it violated a provision in the lease agreement that required it to repair the premises within 120 days of the fire.

3

However, Club Libra has not pointed to any provision in the policy incorporating the terms of the lease agreement. And even assuming, without deciding, that the lease agreement is somehow relevant to interpreting the insurance policy in this insurance company interpleader case, the lease provision cited by Club Libra did not require repairs within 120 days in order to authorize recovery of insurance proceeds by R. L. King.

The first paragraph of that provision states that if the leased premises are damaged to the extent that they are unfit for use by the lessee and cannot be repaired within 120 days, then either party can terminate the lease; but if the premises can be restored within 120 days, the lessor shall do so and the lessee shall be required to pay only a just and proportionate part of the rentals due until the work is completed. That paragraph makes no mention of insurance proceeds, and certainly does not make payment of insurance proceeds contingent on the lessor taking action within that 120-day period. Rather, it simply ties that time period to whether or not the parties may terminate the lease and to whether only a portion of the lessee's rentals shall be paid if repairs are being made during that time frame.

The next paragraph makes no reference to any time period, and certainly does not mention the 120-day time period. Rather, it simply states: "If Lessor shall rebuild

4

or restore the leased premises, then and in such event, the full amount of insurance payable under policies of fire insurance shall be paid to the Lessor for use in the rebuilding and restoration of the leased premises." Thus, not only does this paragraph not require repairs to be done within any particular time period, but it also is consistent with the insurance policy in providing that insurance proceeds are payable to R. L. King for use in repairing its damaged property.

In effect, what Club Libra asks us to do is make a new contract of insurance requiring that R. L. King repair its own property within a particular time frame in order to recover insurance proceeds. However, "[i]t is the function of the court to construe the contract as written and not to make a new contract for the parties." *Michna*, supra (citations omitted). So construed, the insurance policy as written clearly authorized the trial court's finding that R. L. King is entitled to the insurance proceeds.

2. *Personal property.*

Club Libra further argues that a speaker system destroyed in the fire was its personal property and thus it is entitled to the portion of the insurance proceeds allotted for that personal property. The crux of Club Libra's argument is that the system was not a fixture attached to the property and thus did not become part of the

real property. Conversely, R. L. King asserts that the system was its property and was a permanent fixture on the premises as evidenced by the insurance estimate. Club Libra has not pointed to any evidence in the record supporting its claim that the system was not a fixture; instead, the only pertinent record reference that it provides is to the insurance company's statement that its itemized estimate of coverage included "a speaker system that was affixed to the building and therefore deemed a fixture by adjuster." See OCGA § 44-1-2 (a) (2); *Hargrove v. Jenkins*, 192 Ga. App. 83, 84 (383 SE2d 636) (1989) (realty includes things permanently attached to land or buildings, and such fixtures embrace annexed chattels irrespective of whether they are removable). To avoid summary judgment, Club Libra "must point to specific evidence giving rise to a triable issue." *Cowart v. Widener*, 287 Ga. 622, 623 (1) (697 SE2d 779) (2010) (citation omitted). Because Club Libra has failed to do so, we find that it has not carried its burden of showing error.

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*