**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 1, 2018**

# In the Court of Appeals of Georgia

A18A0193. LANGLEY v. MP SPRING LAKE, LLC.

DILLARD, Chief Judge.

Pamela Langley appeals from the trial court's grant of summary judgment in favor of MP Spring Lake, LLC ("Spring Lake") on her suit for premises liability due to personal injuries she sustained as a tenant of an apartment complex that, at the time, was owned by Spring Lake. Langley's sole argument on appeal is that the trial court erred in granting summary judgment to Spring Lake after concluding that her lease shortened the time to bring personal-injury actions against the apartment complex from two years to one year. For the reasons set forth *infra*, we affirm.

Viewed in the light most favorable to Langley (*i.e.*, the nonmoving party),[1] the record shows she filed suit against Spring Lake on March 3, 2016, alleging that on March 3, 2014, while a lawful tenant of Spring Lake Apartments in Morrow, Georgia, she fell in a common area of the complex when her foot got caught and slid on a crumbling portion of curb. She later made claims of negligence and negligence per se due to Spring Lake's alleged failure to repair the curb despite being aware of its disrepair.

Spring Lake asserted, as one of its defenses, that Langley's claims were barred by a contractual limitation period contained within her lease. Spring Lake then moved for summary judgment on this basis,[2] arguing that, because Langley's lease contained a one-year limitation period for legal actions and she filed her complaint two years after the injury occurred, her claim was time-barred. More specifically, Spring Lake

---

[1] *See, e.g.*, *Matson v. Bayview Loan Srv., LLC*, 339 Ga. App. 890, 890 (795 SE2d 195) (2016).

[2] Spring Lake also asserted, alternatively, that Langley's claims were barred by the statute of limitation and her failure to perfect service within the limitation period or a reasonable time thereafter. Spring Lake abandoned this alternative ground in exchange for Langley waiving her right to renewal under OCGA § 9-2-61. As a result, this alternative argument is not at issue on appeal.

argued that because Langley's claims accrued on March 3, 2014, when she fell, she was required by her lease to file suit on or before March 3, 2015.

The lease at issue was entered into on May 7, 2013, with an effective period of June 5, 2013, to June 4, 2014. In the thirty-third paragraph of the lease, the agreement provides:

> Limitation on Actions. To the extent allowed by law, Resident also agrees and understands that any legal action against Management or Owner must be instituted within one year of the date any claim or cause of action arises and that any action filed after one year from such date shall be time barred as a matter of law.

In response to Spring Lake's motion for summary judgment, Langley argued that (1) the limitation-on-actions clause was too ambiguous to be enforceable; (2) the clause was only applicable to actions that arose from the contract itself, not an unrelated personal-injury action; (3) Spring Lake was estopped from relying upon the provision due to statements made by representatives of Spring Lake's insurance carrier both before and after the expiration of the one-year period; and (4) it was fundamentally unfair to enforce the clause because neither party was even aware of its existence.

The trial court rejected Langley's arguments and granted Spring Lake's motion for summary judgment, concluding that the provision was enforceable. Specifically, the court found that Langley's personal-injury claims were time-barred because she filed suit after the expiration of the one-year contractual limitation period. This appeal follows.

Summary judgment is, of course, proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law[.]"[3] And we review a grant or denial of summary judgment *de novo*, construing "the evidence in the light most favorable to the nonmovant."[4] With these guiding principles in mind, we will now address Langley's contention on appeal.

Langley argues the trial court's conclusion is erroneous because a contractual limitation period should not apply to claims that do not arise out of the agreement. She contends the subject clause "may be 'all-inclusive' for causes of action based upon the lease contract, but it is overly broad and improper to interpret the lease contract clause as limiting an action derived solely from a statutory right unrelated to the contract."

---

[3] OCGA § 9-11-56 (c); *accord Matson*, 339 Ga. App. at 890.

[4] *Matson*, 339 Ga. App. at 890.

In considering Langley's argument, our analysis necessarily begins with the contractual language at issue. The cardinal rule of construction is, of course, to "ascertain the intention of the parties, as set out in the language of the contract."[5] In this regard, contract disputes are "particularly well suited for adjudication by summary judgment because construction of contracts is ordinarily a matter of law for the court."[6] And it is well established that contract construction entails a three-step process, beginning with the trial court's determination as to "whether the language is clear and unambiguous."[7] If no construction is required because the language is plain, the court then enforces the contract according to its terms.[8] But if there is any ambiguity, the court proceeds to the second step, which is to "apply the rules of

---

[5] *Clark v. AgGeorgia Farm Credit ACA*, 333 Ga. App. 73, 75-76 (1) (775 SE2d 557) (2015) (punctuation omitted); *accord Envision Printing, LLC v. Evans*, 336 Ga. App. 635, 638 (1) (786 SE2d 250) (2016); *Shepherd v. Greer, Klosic & Daugherty*, 325 Ga. App. 188, 189-90 (750 SE2d 463) (2013).

[6] *Elwell v. Keefe*, 312 Ga. App. 393, 394-95 (718 SE2d 587) (2011) (punctuation omitted); *accord Evans*, 336 Ga. App. at 638 (1).

[7] *Evans*, 336 Ga. App. at 638 (1) (punctuation omitted); *accord Michna v. Blue Cross & Blue Shield of Ga., Inc.*, 288 Ga. App. 112, 113 (653 SE2d 377) (2007).

[8] *Evans*, 336 Ga. App. at 638 (1); *Michna*, 288 Ga. App. at 113.

contract construction to resolve the ambiguity."[9] Finally, in the third step, "if the ambiguity remains after applying the rules of construction, the issue of what the ambiguous language means and what the parties intended must be resolved by a jury."[10]

Here, we agree with the trial court that there is no ambiguity in the language of the relevant contractual provision. Indeed, its meaning is perfectly clear: "To the extent allowed by law, Resident also agrees and understands that *any legal action* against Management or Owner must be instituted within one year of the date any claim or cause of action arises and that *any action* filed after one year from such date shall be time barred as a matter of law."[11] As a result, the one-year contractual limitation period encompassed by Langley's lease with Spring Lake was applicable to *any action*, not just those which arose from breaches of the lease. Accordingly, although personal-injury claims are ordinarily subject to a two-year statute of

---

[9] *Evans*, 336 Ga. App. at 638 (1) (punctuation omitted); *accord Michna*, 288 Ga. App. at 113.

[10] *Evans*, 336 Ga. App. at 638 (1) (punctuation omitted); *accord Michna*, 288 Ga. App. at 113.

[11] (Emphasis supplied).

6

limitation,[12] Langley contractually agreed to bring *any* action against Spring Lake—including, but not limited to, personal-injury actions—within *one* year. And Langley failed to do this when she filed suit on March 3, 2016, seeking to recover damages for an injury that occurred on March 3, 2014.

We further reject Langley's assertion that the provision at issue should be unenforceable as a matter of law, when contractual-limitation-period clauses are enforceable in Georgia.[13] And Langley points us to no supporting authority that holds

---

[12] *See* OCGA § 9-3-33.

[13] *See Rain & Hail Ins. Servs., Inc. v. Vickery*, 274 Ga. App. 424, 425 (1) (618 SE2d 111) (2005) ("This Court has previously found this contractual limitation provision to be enforceable."); *Dailey v. Cotton States Mut. Ins. Co.*, 207 Ga. App. 139, 139 (427 SE2d 109) (1993) ("There is no question that contractual limitations are valid and will be enforced by the courts." (punctuation omitted)); *see also Thornton v. Ga. Farm Bureau Mut. Ins. Co.*, 287 Ga. 379, 380 (1) (695 SE2d 642) (2010) ("[Appellant] fails to recognize the distinction between a statute of limitation and its particular language and a contractual period of limitation and its particular language. They can be significantly different, as demonstrated by the fact that the statute of limitation for contract claims is six years, but the courts have nevertheless enforced much shorter contractual periods of limitation, including the one-year limitation in insurance policies like the one in this case." (citation omitted)). Moreover, although several of our sister states admittedly disallow contractual provisions shortening statutes of limitation, they all do so only as a result of statutory prohibitions on such agreements. *See* S.C. Code Ann. § 15-3-140 ("No clause . . . whereby it is agreed that either party shall be barred from bringing suit upon any cause of action arising out of the contract if not brought within a period less than the time prescribed by the statute of limitations . . . shall bar such action, but the action may be brought notwithstanding such clause, provision or agreement if brought

such provisions are inapplicable to personal-injury actions.[14] Although the language

within the time prescribed by the statute of limitations in reference to like causes of action."); FLA. STAT. § 95.03 ("Any provision in a contract fixing the period of time within which an action arising out of the contract may be begun at a time less than that provided by the applicable statute of limitations is void."); ALA. CODE § 6-2-15 ("[A]ny agreement or stipulation, verbal or written, whereby the time for the commencement of any action is limited to a time less than that prescribed by law for the commencement of such action is void."); MISS. CODE. ANN. § 15-1-5 ("The limitations prescribed in this chapter shall not be changed in any way whatsoever by contract between parties, and any change in such limitations made by any contracts stipulation whatsoever shall be absolutely null and void[.]"). But in the absence of a statutory prohibition, other state courts have generally upheld the validity of clauses shortening a party's time to sue. *See Ceccone v. Carroll Home Servs., LLC*, 165 A3d 475, 483 (II) (B) (Md. Ct. App. 2017) ("[P]arties may agree to a provision that modifies the limitations result that would otherwise pertain provided (1) there is no controlling statute to the contrary, (2) it is reasonable, and (3) it is not subject to other defenses such as fraud, duress, or misrepresentation." (punctuation omitted)); *Town of Crossville Hous. Auth. v. Murphy*, 465 SW3d 574, 579 (II) (Tenn. Ct. App. 2014) (noting "Tennessee courts have long upheld contractual limitations that reduce the statutory period for filing suit"); *Bd. of Sup'rs of Fairfax Cty. v. Sampson*, 369 SE2d 178, 180 (Va. 1988) ("Parties to a contract properly may agree that a claim under the contract must be enforced within a shorter time limit than that fixed by statute if the contractual provision is not against public policy and if the agreed time is not unreasonably short."); *see also Steele v. Safeco Ins. Co. of Am.*, Case No. COA12-266, 735 SE2d 451 (Table), 2012 WL 5857393, at *4 (NC Ct. App. 2012) (unpublished) (permitting a contractually shortened statute of limitation when North Carolina law did not specifically prohibit such an agreement between the parties). Similarly, when our General Assembly has remained silent, we are bound to follow the common law, which has consistently permitted contractual-limitation-period clauses. *See Wolf Creek Landfill, LLC v. Twiggs Cty.*, 337 Ga. App. 211, 214 (1) (786 SE2d 862) (2016) ("While some states have statutory or judicial restrictions prohibiting or limiting contractual extensions of statutes of limitation, Georgia does not." (footnotes omitted)).

8

of the limitation-on-actions provision is broad and does not explicitly specify that it includes personal-injury actions,[15] it nevertheless encompasses *any legal action* Langley might have instituted against the owner or management of her apartment complex. Thus, Langley's repeated assertions that her personal-injury claim is "unrelated" to the contract are of no consequence because her personal-injury claim, *and any other claim* that she might have brought against Spring Lake, were encompassed by this broad contractual limitation period.

Furthermore, it is well established, in Georgia, that "unless prohibited by statute or public policy, [all parties] are free to contract on any terms regarding a

---

[14] *See* COURT OF APPEALS R. 25 (a) (3) ("Part Three [of appellant's brief] shall contain the argument and citation of authorities. It shall also include a concise statement of the applicable standard of review with supporting authority for each issue presented in the brief.").

[15] *Cf. Scott v. Ing Clarion Partners, LLC*, 2007 WL 1391386, at *1 (ND Ga. May 7, 2007) (declining to address, after reaching determinative conclusion on first two arguments, third and final argument in favor of judgment on the pleadings, which was that action was barred by contractual limitation clause providing that "Resident agrees and understands that any legal action instituted against Management of or related to any claims or causes of action arising for any reason whatsoever, including personal injury, bodily injury and/or property damage, shall be filed only in the Superior Court or State Court of Cobb County, Georgia," and that "Resident also agrees and understands that any legal action against Management must be instituted within one year of the date any claim or cause of action arises and that any action filed after one year from such date shall be time barred as a matter of law").

subject matter in which they have an interest,"[16] and such agreements will be enforced

by the courts.[17] Indeed, we have previously recognized that "contracting parties are

free to contract to waive numerous and substantial rights[.]"[18] And when we consider

whether a contract provision is void as against public policy, we follow the rule that

"the courts must exercise extreme caution in declaring a contract void as against

public policy and should do so only in cases free from doubt."[19] Our Supreme Court

---

[16] *Quillen v. Quillen*, 265 Ga. 779, 779 (1) (462 SE2d 750) (1995); *accord Grand Master Contracting, L.L.C. v. Lincoln Apartment Mgmt. Ltd. P'ship*, 314 Ga. App. 449, 451 (1) (724 SE2d 456) (2012); *see Int'l Biochemical Indus., Inc. v. Jamestown Mgmt. Corp.*, 262 Ga. App. 770, 773 (1) (586 SE2d 442) (2003) ("It is general contract law in Georgia that parties are free to contract about any subject matter, on any terms, unless prohibited by statute or public policy, and injury to the public interest clearly appears." (punctuation omitted)); *Century 21 Pinetree Props., Inc. v. Cason*, 220 Ga. App. 355, 356 (2) (b) (469 SE2d 458) (1996) (same); *Tahoe-Vinings v. Vinings Partners*, 205 Ga. App. 829, 830 (1) (424 SE2d 30) (1992) (same); *see also* OCGA § 13-8-2 (a) ("A contract that is against the policy of the law cannot be enforced.").

[17] *Grand Master Contracting*, 314 Ga. App. at 451 (1).

[18] *McGregor v. Bd. of Regents of Univ. Sys. of Ga.*, 249 Ga. App. 612, 613 (548 SE2d 116) (2001) (punctuation omitted); *accord Aetna Workers' Comp Access, LLC v. Coliseum Med. Ctr.*, 322 Ga. App. 641, 647 (2) (746 SE2d 148) (2013); *Imaging Sys. Intern., Inc. v. Magnetic Resonance Plus, Inc.*, 227 Ga. App. 641, 644 (1) (490 SE2d 124) (1997).

[19] *Emory Univ. v. Porubiansky*, 248 Ga. 391, 393 (282 SE2d 903) (1981) (punctuation omitted); *accord Precision Planning, Inc. v. Richmark Cmtys., Inc.*, 298 Ga. App. 78, 79 (1) (679 SE2d 43) (2009); *Edwards v. Grapefields, Inc.*, 267 Ga.

10

has further directed that "[a] contract cannot be said to be contrary to public policy unless the General Assembly has declared it to be so, or unless the consideration of the contract is contrary to good morals and contrary to law, or unless the contract is entered into for the purpose of effecting an illegal or immoral agreement or doing something which is in violation of law."[20]

Here, the provision at issue is not a contractual obligation listed in OCGA § 13-8-2 (a), which includes a non-exclusive list of contracts that our General Assembly has deemed contrary to public policy.[21] This, combined with our Supreme Court's explicit holding that parties to a contract have the power to "agree among themselves

App. 399, 404-03 (1) (599 SE2d 489) (2004).

[20] *Dept. of Transp. v. Brooks*, 254 Ga. 303, 312 (1) (328 SE2d 705) (1985) (per curiam) (punctuation omitted); *accord Camp v. Aetna Ins. Co.*, 170 Ga. 46, 50 (152 SE 41) (1930); *Providence Const. Co. v. Bauer*, 229 Ga. App. 679, 681 (1) (494 SE2d 527) (1997).

[21] *See* OCGA § 13-8-2 (a) (1)-(5) ("Contracts deemed contrary to public policy include but are not limited to: (1) Contracts tending to corrupt legislation or the judiciary; (2) Contracts in general restraint of trade, as distinguished from contracts which restrict certain competitive activities, as provided in Article 4 of this chapter; (3) Contracts to evade or oppose the revenue laws of another country; (4) Wagering contracts; or (5) Contracts of maintenance or champerty."); *see also RSN Props., Inc. v. Eng'g Consulting Servs., Ltd.*, 301 Ga. App. 52, 53 (686 SE2d 853) (2009) (holding that limitation-of-liability provision did not violate public policy and was enforceable when provision did not create a contractual obligation encompassed by OCGA § 13-8-2 (a), nor was it otherwise contrary to public policy).

11

upon a period of time which would amount to a statute of limitations, either greater *or less than* the period fixed by the law,"[22] leads us to conclude that the unambiguous provision at issue is enforceable. Accordingly, *any* cause of action that accrued during the duration of Langley's lease—including a cause of action for personal injuries—was subject to the one-year contractual limitation period.

For all these reasons, we affirm the trial court's grant of summary judgment to Spring Lake.

*Judgment affirmed. Doyle, P. J., and Mercier, J., concur*.

---

[22] *Mass. Ben. Life Ass'n v. Robinson*, 104 Ga. 256, 272 (1) (30 SE 918) (1898) (emphasis supplied); *see also Wolf Creek Landfill*, 337 Ga. App. at 214 (1) (recognizing that "[w]hile some states have statutory or judicial restrictions prohibiting or limiting contractual extensions of statutes of limitation, Georgia does not." (footnotes omitted)).